[Cite as *State v. Ollison*, 2016-Ohio-7029.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

DARRION OLLISON

    Appellant

C.A. No.    27994

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2015 06 1801

DECISION AND JOURNAL ENTRY

Dated: September 28, 2016

---

WHITMORE, Judge.

{¶1} Appellant, Darrion Ollison, appeals from the October 5, 2015 judgment of the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} On June 5, 2014, a criminal complaint was filed in Akron Municipal Court charging Mr. Ollison with engaging in "sexual [conduct] with a minor female child * * *, who is pregnant and due July 8, 2014." At that time, the Akron Municipal Court also issued an arrest warrant. On April 26, 2015, the Akron Police arrested Mr. Ollison on the pending complaint. On June 22, 2015, the Summit County Grand Jury issued an indictment against Mr. Ollison for unlawful sexual conduct with a minor, in violation of R.C. 2907.04, a felony of the fourth degree. At his arraignment, Mr. Ollison pleaded not guilty to the charge in the indictment.[1]

---

[1] A supplemental indictment was filed on September 21, 2015, for two counts of importuning, in violation of R.C. 2907.07(B)(1)/(D)(1), felonies of the fifth degree. The State later dismissed these charges as part of Mr. Ollison's plea bargain.

{¶3} Mr. Ollison then filed a motion to dismiss for an alleged violation of his statutory right to a speedy trial. In his motion, Mr. Ollison argued that the indictment should be dismissed because the Akron Municipal Court's complaint for unlawful sexual conduct had been pending "for over one year," and that his speedy trial time should have started running at the filing of the complaint. In response, the State argued that Mr. Ollison evaded arrest by (1) missing scheduled interviews with Detective Susan Hackbart and Children's Services, (2) missing meetings with his parole officer, and (3) failing to attend community control hearings. Further, in citing *State v. Szorady*, 9th Dist. Lorain No. 02CA008159, 2003-Ohio-2716, and R.C. 2945.71(C)(2), the State argued that Mr. Ollison's speedy trial time begins "to run on the day after [his] arrest or service of summons." (Emphasis deleted.)

{¶4} After a hearing at which Detective Susan Hackbart testified on behalf of the State, the trial court denied Mr. Ollison's motion. Mr. Ollison then changed his plea to no contest. The trial court found him guilty of unlawful sexual conduct with a minor and sentenced him to six months of imprisonment and five years of post-release control.

{¶5} Mr. Ollison now appeals, raising one assignment of error.

II

Assignment of Error Number One

THE TRIAL COURT ERRED BY DENYING [MR. OLLISON'S] MOTION TO
DISMISS FOR WANT OF SPEEDY TRIAL BECAUSE THE CHARGE WAS
FILED AND REMAINED PENDING IN MUNICIPAL COURT FOR OVER
270 DAYS WITHOUT ISSUANCE OF ANY CAPIAS TO TOLL STATUTORY
TIME.

{¶6} In his sole assignment of error, Mr. Ollison argues that the trial court erred in denying his motion to dismiss for an alleged violation of the statutory time within which to bring

him to trial. Specifically, Mr. Ollison contends that, after the filing of the Akron Municipal Court's complaint, a capias should have been filed to toll his speedy trial time. We disagree.

{¶7} R.C. 2945.73(B) states that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Further, R.C. 2945.71(C)(2) provides that "[a] person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." "The time within which an accused must be brought to trial may be extended as provided in R.C. 2945.72." *State v. Wheeler*, 9th Dist. Wayne No. 15AP0025, 2016-Ohio-4690, ¶ 4.

{¶8} Recently, in *Wheeler*, this Court addressed a factually similar situation wherein the appellant, Mr. Wheeler, argued that "his speedy trial time [should have] began to run when his indictment was filed[,]" and that "the delay between the indictment and the arrest was unreasonable, and thus [could not] serve to toll the speedy trial time." *Id.* at ¶ 5, 7. In *Wheeler*, the indictment was filed on May 17, 2014, and the motion to dismiss was filed 311 days after the filing of the indictment. *Id*. at ¶ 5. However, in overruling his speedy trial argument, we stated that "the clear wording of [R.C. 2945.71(C)(2)] provides that a person against whom a charge of a felony 'is *pending*' must be brought to trial 'within two hundred seventy *days after the person's arrest.*'" (Emphasis sic.) *Id.* at ¶ 6, quoting R.C. 2945.71(C)(2). Further, we stated that "'[t]ime is calculated to run the day after the date of arrest.'" *Wheeler* at ¶ 6, quoting *State v. Browand*, 9th Dist. Lorain No. 06CA009053, 2007-Ohio-4342, ¶ 12. We determined that "as calculated from the day after Mr. Wheeler's arrest, there existed no speedy trial violation under R.C. 2945.71(C)(2)." *Wheeler* at ¶ 6. "[H]aving concluded that Mr. Wheeler's case proceeded

within the time limitations imposed under R.C. 2945.71(C)(2)," we declined to "address arguments relative to the tolling of that time." *Id*. at ¶ 7.

{¶9}     Here, the Akron Police arrested Mr. Ollison on April 26, 2015, and he filed his motion to dismiss on July 8, 2015.  On September 30, 2015, Mr. Ollison pleaded no contest to the indicted charge, which was journalized in the trial court's judgment entry on October 5, 2015.  As such, from the date after Mr. Ollison's arrest, to the date of resolution of this matter, approximately 161 days passed.  This falls squarely within the speedy trial time limitations proscribed in R.C. 2945.71(C)(2).  Therefore, based upon our precedent in *Wheeler*, we conclude that there is no merit to Mr. Ollison's speedy trial argument, nor is there a need to discuss the tolling of time. *See Wheeler* at ¶ 7.

{¶10}  Mr. Ollison's sole assignment of error is overruled.

### III

{¶11}   Mr. Ollison's assignment of error is overruled.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.