[Cite as *State v. Pierce*, 2017-Ohio-5791.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160699 |
| | | TRIAL NO. B-1500199 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| KENNETH PIERCE, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: July 12, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Defendant-appellant Kenneth Pierce appeals from his convictions for two counts of nonsupport of dependents, fourth-degree felonies.  Pierce challenges the trial court's decision overruling his motion to dismiss the indictment against him on constitutional speedy-trial grounds.   Because we determine that Pierce's constitutional right to a speedy-trial was violated, we reverse the judgment of the trial court.

## Facts and Procedural History

{¶2}   The evidence in the record shows that the state indicted Pierce on January 27, 2015, on two counts of nonsupport under R.C. 2919.21(B), for failing to support two children from July 2014 to January 2015.   The state also issued a warrant for Pierce's arrest on January 27, 2015.   The parties agree that Pierce resided at the time in Kentucky, although the parties dispute the exact location.   The parties also agree that Pierce was arrested in Kentucky on these charges on March 15, 2016.  On April 14, 2016, the arrest warrant was returned, and Pierce was in custody in Hamilton County.   On April 19, 2016, Pierce filed a motion to dismiss the indictment on constitutional speedy-trial grounds, arguing that the 14½-month delay between the filing of the indictment and completion of the warrant was unreasonable.

{¶3}   At a hearing on Pierce's motion, the prosecutor argued that the Hamilton County Sheriff's Office had taken appropriate steps in requesting warrant service on Pierce in Kentucky, and that Kentucky's delay in serving the warrant should not be held against the state of Ohio.  The prosecutor also argued that Pierce had not kept a current address on file with the juvenile court or the Child Support Enforcement Agency.   The state did not offer any evidence to support these

assertions. Defense counsel argued that Pierce's address had remained current with the juvenile court; however, Pierce offered no evidence to support this assertion either.

{¶4} The trial court denied Pierce's motion to dismiss, determining that the state had acted with reasonable diligence when it forwarded the arrest warrant to Kentucky authorities, and that Pierce did not suffer particularized prejudice. Pierce pleaded no contest to the two charges, and the trial court sentenced Pierce to community control. Pierce appeals.

### Pierce's Constitutional Speedy-Trial Right

{¶5} In his sole assignment of error, Pierce argues that the trial court erred in overruling his motion to dismiss his indictment on constitutional speedy-trial grounds. This court reviews a trial court's judgment on a motion to dismiss an indictment on constitutional speedy-trial grounds as a mixed question of law and fact. *State v. Rice*, 2015-Ohio-5481, 57 N.E.3d 84, ¶ 15 (1st Dist.).

{¶6} The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." The speedy-trial guarantee in the federal constitution applies to state criminal trials through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The Ohio Constitution also provides speedy-trial guarantees. *See* Ohio Constitution, Article I, Section 10. The right to a speedy trial applies "to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment." *State v. Meeker*, 26 Ohio St.2d 9, 268 N.E.2d 589 (1971), paragraph three of the syllabus.

{¶7}   The United States Supreme Court developed a four-factor balancing test to apply to constitutional speedy-trial cases in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).   The four *Barker* factors include the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  *Id.*  The *Barker* court noted that none of the factors were necessary or sufficient conditions, but "[r]ather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process."  *Id.* at 533.   Ohio courts apply the *Barker* four-factor test in analyzing constitutional speedy-trial challenges.  *See State v. Selvage*, 80 Ohio St.3d 465, 467, 687 N.E.2d 433 (1997); *State v. Triplett*, 78 Ohio St.3d 566, 568, 679 N.E.2d 290 (1997).  The trial court applied the *Barker* factors to Pierce's speedy-trial challenge—a task we now undertake.

{¶8}   *First Barker Factor – Length of Delay.*   The length of delay is a "particularly important factor." *See Selvage* at 467.   The length of delay operates as a " 'triggering mechanism' " for inquiry into the remaining *Barker* factors.  *Id.*, quoting *Barker* at 530-531. " 'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.' " *Selvage* at 467, quoting *Barker* at 530-531.  The length of delay tolerated by the Sixth Amendment differs depending on whether the case involves "an ordinary street crime," to which less delay is tolerated, or "a serious, complex conspiracy charge."  *Selvage* at 467, quoting *Barker* at 530-531.   Delay in commencing prosecution approaching one year has been considered presumptively prejudicial.  *Selvage* at 468, citing *Doggett v. United States*, 505 U.S. 647, 652, 112

S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1. This court has held that a nine-month delay from the filing of the criminal complaint until the defendant's arrest in a misdemeanor-assault case amounted to presumptive prejudice. *See State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, ¶ 12 (1st Dist.); *Rice*, 2015-Ohio-5481, 57 N.E.3d 84, at ¶ 24 (holding that an 18-month delay from the filing of the criminal complaint until the date of indictment justified inquiry into the remaining *Barker* factors).

{¶9} The trial court determined that the delay in Pierce's prosecution justified inquiry into the remaining *Barker* factors. The state does not concede that the length of delay is presumptively prejudicial. Moreover, the state argues that the length of delay should be calculated from the date of indictment to Pierce's arrest on March 15, 2016, when he first became aware of these charges, and not a month later when the arrest warrant was returned.

{¶10} Even if this court assumes a 13½-month delay, instead of a 14½-month delay, the length of delay still exceeds one year—the threshold time period identified in *Doggett*. *See Selvage*, 80 Ohio St.3d at 468, 687 N.E.2d 433. Furthermore, the state indicted Pierce on two charges of nonsupport of dependents, which are not complex charges and are low-level felonies, meaning less delay will be tolerated. *Selvage*, 80 Ohio St.3d at 467, 687 N.E.2d 433, quoting *Barker*, 407 U.S. at 530-531, 92 S.Ct. 2182, 33 L.Ed.2d 101. Therefore, we determine that the length of delay in prosecuting Pierce is presumptively prejudicial and requires this court's inquiry into the remaining *Barker* factors.

{¶11} *Second <u>Barker</u> Factor – Reason for the Delay*. "Closely related to the length of the delay is the reason the government assigns for the delay." *Barker* at

531. A neutral reason, such as negligence, should be weighted less heavily against the government. *Id.* Deliberate delay tactics weigh in favor of the defendant and against the state. *Rice*, 2015-Ohio-548, 157 N.E.3d 84, at ¶ 27. The Ohio Supreme Court determined that a 54-month delay between indictment and trial did not violate a defendant's speedy-trial rights, despite the government's lack of effort to find the defendant, because a copy of the indictment had been sent by certified mail to an address that the defendant had provided to police upon her initial arrest. *Triplett*, 78 Ohio St.3d 566, 679 N.E.2d 290.

{¶12} The state argues that even if this court determines that the stated acted negligently in prosecuting Pierce, the delay was not so long as to warrant relief absent actual prejudice. *See State v. Hubbard*, 12th Dist. Butler No. CA2014-03-063, 2015-Ohio-646, ¶ 20, 26 (determining that the state's failure to locate the defendant and serve him with the indictment and arrest warrant amounted to prosecutorial negligence, which weighed only somewhat in favor of the defendant, and the defendant suffered no actual prejudice); *State v. Boyd*, 4th Dist. Ross No. 04CA2790, 2005-Ohio-1228. However, the state failed to offer any evidence to explain the delay. Although nothing in the record suggests that the state acted intentionally to thwart service of the indictment on Pierce, this court cannot definitively make that determination because of the lack of evidence in the record. The state bears the burden to explain the reason for the delay under the second *Barker* factor. *See United States v. Brown*, 169 F.3d 344, 349 (6th Cir.1999). Thus, this factor weighs in favor of Pierce and against the state.

{¶13} *Third <u>Barker</u> Factor – Defendant's assertion of the speedy-trial right.* "Whether and how a defendant asserts his right is closely related to the other

factors[.]" *Barker,* 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101. "The more serious the deprivation, the more likely a defendant is to complain." *Id.*

{¶14} According to the record, the state brought Pierce into state custody on April 14, 2016, and Pierce filed a motion to dismiss the indictment five days later, on April 19, 2016. The state argues that Pierce could have filed a motion to dismiss one month earlier upon his arrest on these charges in Kentucky on March 15, 2016. Although the parties agree on Pierce's arrest date, no evidence suggests when Pierce had counsel appointed to represent him on these charges. Moreover, even if we were to weigh this month-long delay in asserting his speedy-trial right against Pierce, it is not enough to tip the balance of this factor in favor of the state. Therefore, we determine that the third *Barker* factor weighs in favor of Pierce.

{¶15} *Fourth <u>Barker</u> Factor – Prejudice.* A court should assess prejudice "in light of the interests of defendants which the speedy trial right was designed to protect." *Barker,* 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. These interests identified in *Barker* are as follows: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* However, affirmative proof of particularized prejudice is not required in every speedy-trial case. *Selvage*, 80 Ohio St.3d 465, 687 N.E.2d 433, citing *Doggett*, 505 U.S. at 655, 112 S.Ct. 2686, 120 L.Ed.2d 520. In *Doggett*, the United States Supreme Court determined that the defendant was entitled to relief for violation of his speedy-trial rights for an eight-year delay in prosecution where "the presumption of prejudice, albeit unspecified, is neither extenuated, as by the defendant's acquiescence, * * * nor persuasively rebutted."

(Internal citations omitted.)  *Doggett*, 505 U.S. at 658, 112 S.Ct. 2686, 120 L.Ed.2d 520.

{¶16}  In *Sears*, this court determined that when the state failed to use reasonable diligence in notifying the criminal defendant of a complaint or indictment, then prejudice was presumed under the fourth *Barker* factor.  *See Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, at ¶ 16.  Therefore, the *Sears* court did not discuss whether the defendant had suffered actual prejudice from the state's delay in prosecution.  This court also determined that a defendant need not demonstrate actual prejudice where the defendant suffered a four-year delay brought about by the state's inaction.  *See State v. Jackson*, 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 20 (1st Dist.).

{¶17}  The trial court and the state focus on the lack of actual prejudice to Pierce brought on by the delay in his arrest and prosecution.  But, because the state offered no evidence to explain its delay in prosecuting Pierce, we presume that Pierce has been prejudiced under the fourth *Barker* factor, and the state offered no evidence to rebut this presumption of prejudice.  *See Doggett*, 505 U.S. at 658, 112 S.Ct. 2686, 120 L.Ed.2d 520.  Therefore, this factor weighs in favor of Pierce as well.

{¶18}  *Balancing the Barker Factors*.  Having determined that all four *Barker* factors weigh in favor of Pierce, we determine that Pierce's constitutional speedy-trial right was violated.  Therefore, we sustain Pierce's assignment of error.

### Conclusion

{¶19}  In conclusion, we determine that the trial court erred in overruling Pierce's motion to dismiss the indictment on constitutional speedy-trial grounds.

The judgment of the trial court is reversed, and the cause is remanded for the trial court to dismiss the indictment.

**Judgment reversed and cause remanded.**

**CUNNINGHAM, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.