[Cite as *State v. Gage*, 2017-Ohio-8897.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-160824 |
|  |  | TRIAL NO. 15TRD-41331 |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| TALIS GAGE, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 8, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellee,

*Glaser Law Office* and *Angela J. Glaser*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} Defendant-appellant Talis Gage appeals a conviction for walking in a roadway and impeding traffic under Cincinnati Municipal Code 506-47. We find no merit in his sole assignment of error, and we affirm his conviction.

## I. Facts and Procedure

{¶2} On September 19, 2015, Gage was arrested and charged with obstructing official business under R.C. 2921.31, a second-degree misdemeanor, and walking in a roadway and impeding traffic, a minor misdemeanor. He first asserted his right to speedy trial on May 26, 2016. He was not tried until October 19, 2016, over a year after his arrest.

{¶3} Immediately before trial, the state dismissed the obstructing-official-business charge, and the case proceeded to a bench trial on the minor misdemeanor. Gage was found guilty, and this appeal followed.

{¶4} In his sole assignment of error, Gage contends that the trial court erred in denying his motion to dismiss. He argues that the state's delay in bringing him to trial violated both his statutory and constitutional rights to a speedy trial. This assignment of error is not well taken.

## II. Standard of Review

{¶5} Our review of the trial court's decision involves mixed questions of fact and law. We give due weight to the inferences drawn from the facts found by the trial court as long as they are supported by competent, credible evidence. We review the trial court's conclusions of law de novo to determine whether the facts satisfy the applicable legal standard. *State v. Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, ¶ 15.

### III. Statutory Right to a Speedy Trial

{¶6} Gage was charged with a minor misdemeanor and a second-degree misdemeanor, which was not dismissed until the day of trial. R.C. 2945.71(D) provides that "[a] person against whom one or more charges of different degrees * * * all of which arose out of the same act or transaction, are pending shall be brought to trial on all of the charges within the time period required for the highest degree of the offense charged * * * ." The state must bring a person charged with a second-degree misdemeanor to trial within 90 days of the person's arrest or the service of summons. R.C. 2945.71(B)(2).

{¶7} Because Gage showed that he was not tried within 90 days of his arrest, he established a prima facie violation of the speedy-trial statutes. *State v. Brewster*, 157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162, ¶ 5 (1st Dist.); *State v. Hirsch*, 129 Ohio App.3d 294, 315, 717 N.E.2d 789 (1st Dist.1998). The state bears the burden to show that actions or events chargeable to the defendant have tolled enough time so that the defendant was tried within the speedy-trial period. *State v. Matthews*, 1st Dist. Hamilton Nos. C-060669 and C-060692, 2007-Ohio-4881, ¶ 28; *Brewster* at ¶ 6.

{¶8} Extensions of the time period within which the state must try the accused are permissible only for the reasons expressed in R.C. 2945.72. *State v. Saffel*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934 (1988); *Matthews* at ¶ 28. Those reasons include: (1) any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state; (2) any period of delay necessitated by the accused's lack of counsel; (3) any period of delay occasioned by the neglect or improper act of the accused; (4) any period of delay necessitated by reason of a plea in bar or abatement, motion,

proceeding, or action made or instituted by the accused; (5) the period of any continuance granted on the accused's own motion; and (6) the period of any reasonable continuance granted other than on the accused's own motion. R.C. 2945.72(A), (C), (D), (E) and (H).

{¶9} Gage was arrested on September 9, 2015, and the time began running the following day. *State v. Ollison*, 9th Dist. Summit No. 27994, 2016-Ohio-7029, ¶ 8; *State v. Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, ¶ 16. On September 21, 2015, he appeared in court and asked for a continuance to speak to an attorney. On September 28, although he appeared in court, he refused to acknowledge his own presence in the courtroom, and a capias was issued.

{¶10} On October 8, 2015, the court journalized a motion and entry recalling the capias and reset the date for an arraignment. The entry specifically stated that Gage "knowingly and voluntarily extends the time limitations to be brought to trial * * * from the date of the original arrest to the next scheduled date." It was signed by the defendant personally, not just his counsel. Thus, Gage knowingly waived his speedy-trial rights from the date of his arrest until October 16, the next scheduled date, and none of that time was chargeable to the state. *See State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994); *State v. Kristofferson*, 1st Dist. Hamilton No. C-050736, 2006-Ohio-6046, ¶ 5.

{¶11} At the next three hearings held on October 16, October 28, and December 1, 2015, Gage asked for continuances. Thus, the speedy-trial time was tolled. At a hearing on December 17, he failed to appear in court and another capias was issued.

{¶12} On February 18, 2016, the court journalized an entry recalling the capias issued on December 17, 2015. Again, Gage himself signed the entry, which

4

stated that he "knowingly and voluntarily extended the time limitations to be brought to trial" from date of his arrest until "the next scheduled date." Gage again waived his speedy-trial rights from the date of his arrest until the next scheduled hearing date on March 3, 2016. Therefore, there was still no time chargeable to the state.

{¶13} At two subsequent hearings, on March 3 and March 17, Gage asked for continuances, so that time was also not chargeable to the state. On March 31, the case was referred to the assignment commissioner for a jury trial, which would have started the speedy-trial time running, except that Gage executed another speedy-trial waiver for the period from March 31 until May 4. So, due to either continuances requested by Gage or waivers, no time elapsed that was chargeable to the state from the date of arrest until May 4, 2016.

{¶14} On May 4, the case was continued on a "defense request for pretrial" because Gage was incarcerated on pending charges in the Greene County jail. Since the continuance was a result of his motion, the time was not chargeable to the state.

{¶15} On May 23, Gage's counsel indicated that he was incarcerated in the Greene County jail and that he wanted to be brought back to Hamilton County for trial. The matter was continued for a jury trial. Gage executed another waiver of the time from May 23, until June 28, 2016.

{¶16} The record shows that on May 31, 2016, he withdrew that waiver. The waiver was effective from the date it was executed until the date it was withdrawn. *See State v. Boles*, 2d Dist. Montgomery No. 18762, 2003-Ohio-2693, ¶ 24. But even if we do not consider that waiver, Gage was still tried within the speedy-trial period.

{¶17} The time from May 4 to May 23 was not chargeable to the state because the continuance was granted at Gage's request. On May 23, when the matter

5

was set for a jury trial, the time began to run. Gage argues that the state failed to exercise reasonable diligence to have him returned to Hamilton County for trial. We need not consider those arguments because even if we consider all that time to be chargeable to the state, Gage was still tried within the speedy-trial limits.

{¶18} The next hearing occurred on May 26, so three days elapsed that were chargeable to the state. At that hearing, Gage moved to dismiss the charges for lack of a speedy trial. The trial court overruled that motion on May 31. The time from May 26 to May 31 was not chargeable to the state because the delay was attributable to Gage's own motion.

{¶19} The time again started running on May 31 and continued to run until a hearing on September 13. During that time, a total of 78 days chargeable to the state elapsed, and when added to the three days that had already elapsed, the total was 81 days. At the September 13 hearing, Gage again asked for a continuance, causing the time to be tolled until the trial date of October 19.

{¶20} Thus, from the date that Gage was arrested until the October 19, 2016, trial date, only 81 days chargeable to the state elapsed. Therefore, Gage was tried within the speedy-trial period. The trial court did not err in overruling Gage's motion to dismiss based on the alleged violation of his statutory right to a speedy trial.

### IV. Constitutional Right to a Speedy Trial

{¶21} Gage further contends that the delay violated his constitutional right to a speedy trial. Both the United States and the Ohio Constitution guarantee the right to a speedy trial. *State v. Meeker*, 26 Ohio St.2d 9, 268 N.E.2d 589 (1971), paragraph one of the syllabus; *State v. Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, ¶ 6. The right to a speedy trial applies to unjustifiable delays both before and

after prosecution commences. *Meeker* at paragraph three of the syllabus; *Pierce* at ¶ 6.

{¶22} In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth a balancing test for determining whether a defendant's constitutional speedy-trial rights have been violated. The factors to be weighed are "the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 533. No single factor is determinative. *Id.*; *Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, at ¶ 23. Instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Pierce* at ¶ 7, quoting *Barker* at 533.

{¶23} *First Factor—Length of Delay.* The first factor is a threshold inquiry. "Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *State v. Jackson*, 1st Dist. Hamilton Nos. C-150657, C-150658, C-150659 and C-150660, 2016-Ohio-5196, ¶ 10, quoting *Doggett v. United States*, 505 U.S. 647, 651-652, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

{¶24} In general, courts have found delays over one year to be presumptively prejudicial. *State v. Selvage*, 80 Ohio St.3d 465, 468, 687 N.E.2d 433 (1997); *Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, at ¶ 8; *Jackson* at ¶ 10. This court has held that in a case involving a misdemeanor assault, a nine-month delay was presumptively prejudicial. *State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, ¶ 12 (1st Dist.). Gage was not tried until over a year after his arrest. Therefore, the delay is presumptively prejudicial and requires this court to consider the remaining factors.

**{¶25}** *Second Factor—Reason for the Delay.* Gage argues that the state failed to exercise due diligence in getting him back to Hamilton County from Greene County where he was incarcerated on other charges. Gage's argument ignores that the bulk of the delay was attributable to Gage. The state did not ask for a single continuance. Gage asked for seven continuances, failed to appear even when he was not incarcerated elsewhere, failed to acknowledge his own presence at an early hearing, and waived most of the remaining time. Delay that is caused by the defendant does not count against the state. *Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, at ¶ 25. Under the circumstances, this factor weighs heavily in favor of the state.

**{¶26}** *Third Factor—Assertion of the speedy-trial right.* The third factor addresses the timeliness and frequency of the defendant's assertion of his speedy-trial rights. *Rice* at ¶ 27. If a defendant sits on his speedy-trial rights, the factor weighs against the defendant. *Jackson*, 1st Dist. Hamilton Nos. C-150657, C-150658, C-150659 and C-150660, 2016-Ohio-5196, at ¶ 14. Gage did not assert his speedy-trial rights until eight months after he had been arrested and only after he had asked for a number of continuances and had repeatedly waived his rights. Therefore, this factor weighs in favor of the state.

**{¶27}** *Fourth Factor—Prejudice Caused by the Delay.* A court should assess prejudice "in light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. In *Barker*, the court identified three interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the defense will be impaired. The last concern is, by far, the most serious. When witnesses "die or disappear during a delay, the prejudice is obvious."

*Rice*, 1st Dist. Hamilton No. C-150191, 2015-Ohio-5481, at ¶ 28, quoting *Barker* at 532.

{¶28} Gage was not incarcerated prior to trial, so the first interest is not involved here. As to the second interest, these charges may have caused Gage some anxiety and concern, but they would not be as concerning as the felony charges he faced in Greene County.

{¶29} As to the prejudice element, this court has stated that in aggravated cases involving excessive delay, prejudice may be presumed despite the defendant's inability to identify particular testimony or evidence that has become unavailable due to the passage of time. *Rice* at ¶ 28, citing *Doggett*, 505 U.S. at 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520. This case is not so egregious that this court will presume prejudice. The eight-month delay in this case does not compare to the years of delay that occurred in cases where prejudice was presumed, especially considering that the state was responsible for very little of the delay. *See Doggett* at 655-658; *Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, at ¶ 15-17; *Jackson*, 1st Dist. Hamilton No. C-150657, C-150658, C-150659 and C-150660, 2016-Ohio-5196, at ¶ 16-20; *Rice* at ¶ 28-29.

{¶30} The record does not show that Gage suffered actual prejudice from the delay. His defense at trial was not impaired. The offense occurred during a protest of police brutality. It was captured on video and seen by numerous witnesses. Gage did not dispute the facts as set forth by the state. His defense was a legal argument— that he was exercising his First Amendment right to free speech. Therefore, the fourth factor weighs in favor of the state.

{¶31} Gage argues that his ability to be released or obtain reasonable bond in Greene County was affected by these pending charges. This argument is purely

speculative. Nothing in the record supports this assertion. But even if this assertion is true, it would not tip the balance in Gage's favor.

{¶32} With three of the *Barker* factors weighing in favor of the state, we cannot hold that Gage's constitutional right to a speedy trial was violated. Therefore, the trial court did not err in denying his motion to dismiss for the alleged violation of his constitutional speedy-trial rights.

### *V. Summary*

{¶33} In sum, the trial court did not err in denying Gage's motion to dismiss. Consequently, we overrule his sole assignment of error and affirm his conviction.

Judgment affirmed.

**CUNNINGHAM** and **MYERS, JJ.,** concur.

Please note:
> The court has recorded its own entry this date.