[Cite as *State v. Lykins*, 2022-Ohio-3935.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220103 |
| | | TRIAL NO. B-2002971 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MICHAEL LYKINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 4, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jon Sinclair,* for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Michael Lykins appeals his convictions for rape and corrupting another with drugs, arguing that his speedy-trial rights were violated. We affirm the trial court's judgment.

## I.     Facts and Procedure

**{¶2}** On July 8, 2020, Lykins was indicted for two counts of rape in violation of R.C. 2907.02(A) and one count of corrupting another with drugs in violation of R.C. 2925.02(A)(4), against a 13-year-old child.

**{¶3}** In August 2020, Lykins sought a competency evaluation and discovery. The trial found Lykins competent to stand trial on October 15, 2020. The state took more than five months to respond to Lykins's discovery demand.

**{¶4}** In November 2020, Lykins filed a pro se motion to dismiss, arguing that his speedy-trial rights had been violated. Lykins was represented by counsel at the time of his pro se filing. Counsel did not join his motion.

**{¶5}** Lykins sought 13 continuances during the pendency of his case, each ranging from five to 166 days. Lykins waived time on each request.

**{¶6}** On February 2, 2022, the trial court accepted Lykins's no-contest pleas and found him guilty. The court sentenced Lykins to seven years in the Ohio Department of Rehabilitation and Correction and classified him as a Tier III sex offender or child-victim offender.

## II.     Law and Analysis

### A defendant has the right to a speedy trial

**{¶7}** The Sixth and Fourteenth Amendments to the United States Constitution guarantee a criminal defendant the right to a speedy trial by the state.

2

Article I, Section 10 of the Ohio Constitution also provides an accused "a speedy public trial." R.C. 2945.71 through 2945.73 provide time limits for bringing an accused to trial. *See State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 6.

{¶8} Speedy-trial appeals present mixed questions of law and fact. When supported by competent, credible evidence, we accept the trial court's determination of facts as true, but we review the application of the law to the facts de novo. *City of Dublin v. Streb*, 10th Dist. Franklin No. 07AP-995, 2008-Ohio-3766, ¶ 23.

{¶9} Ohio codified defendants' speedy-trial guarantees in R.C. 2945.71. Under R.C. 2945.71(C)(2), a person charged with a felony must be tried within 270 days of arrest. Defendants who enter no-contest pleas are considered "tried" when the trial court accepts the pleas. *See State v. Harris*, 9th Dist. Summit No. 26247, 2012-Ohio-5868, ¶ 12. Each day that a defendant is held in jail in lieu of bond is counted as three days. R.C. 2945.71(E). Therefore, the statute's triple-count provision requires the state to try jailed defendants no later than 90 days from arrest. *State v. Henderson*, 1st Dist. Hamilton No. C-100021, 2010-Ohio-5730, ¶ 9.

{¶10} Speedy-trial provisions are mandatory; courts must enforce them strictly. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 81. Under R.C. 2945.73(B), a person not tried within the relevant time constraints "shall be discharged," and further criminal proceedings based on the same conduct are barred. R.C. 2945.73(D).

{¶11} The speedy-trial period may be extended only when specific statutory events occur. R.C. 2945.72. Relevant here, these include periods in which the defendant's competency is being determined, or when an accused seeks a continuance. R.C. 2945.72(B) and (G). R.C. 2945.72(B)'s extension provision, which involves

competency determinations, is not limited to a specific period. *State v. Palmer*, 84 Ohio St.3d 103, 106, 702 N.E.2d 72 (1998).

**{¶12}** When a speedy-trial period has expired, the state bears the burden of showing that events charged to the defendant tolled time such that the speedy-trial period had not expired. *State v. Gage*, 2017-Ohio-8897, 101 N.E.3d 557, ¶ 7 (1st Dist.). Upon review of a speedy-trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. *Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, at ¶ 8. The rationale supporting speedy-trial legislation is to prevent inexcusable delays caused by indolence within the judicial system. *Id.*

<u>Lykins failed to raise his speedy-trial rights at trial.</u>

**{¶13}** Lykins's first assignment of error asserts that his speedy-trial rights were violated. But where a defendant fails to raise that argument below, it is waived on appeal, except in the context of an ineffective-assistance-of-counsel claim. *State v. Mango*, 8th Dist. Cuyahoga No. 103146, 2016-Ohio-2935, ¶ 18.

**{¶14}** In November 2020, Lykins, while represented by counsel, moved pro se for dismissal on speedy-trial grounds. His counsel did not join the motion.

**{¶15}** Criminal defendants are not entitled to "hybrid" representation— defendants represented by counsel may not act simultaneously as their own counsel. *State v. Ojile*, 1st Dist. Hamilton No. C-200340, 2021-Ohio-2955, ¶ 9. Therefore, Lykins had no right to file the motion to dismiss and the trial court was prohibited from entertaining it. *State v. Castagnola*, 9th Dist. Summit Nos. 28621, 28672, and 28702, 2018-Ohio-1604, ¶ 14.

4

**{¶16}** Because Lykins failed to raise his speedy-trial rights below, he waived that issue on appeal, except for an ineffective-assistance-of-counsel claim. We overrule Lykins's first assignment of error.

<u>Lykins's counsel was not ineffective.</u>

**{¶17}** Lykins's second assignment of error asserts that his counsel was ineffective for failing to raise his speedy-trial rights below.

**{¶18}** To succeed on an ineffective-assistance-of-counsel-claim, an appellant must show that (1) counsel's performance was deficient, and (2) the deficient performance deprived the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A defendant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶19}** Lykins's speedy-trial period began when he was arrested on June 15, 2020. Lykins pleaded no contest.[1] The trial court accepted his pleas and found him guilty on February 2, 2022. Thus, approximately 597 days elapsed between his arrest and the court finding him guilty, placing the burden on the state to prove that Lykins's speedy-trial rights were not violated.

**{¶20}** Lykins asserts that various timeframes should have been counted against the state, such as a period where a continuance form was filed, but not signed by Lykins and his counsel. As demonstrated in the table below, even if we count this time against the state, the court found Lykins guilty before his speedy-trial time had expired. His counsel was not deficient in failing to raise speedy-trial rights.

---

[1] While a guilty plea waives any speedy-trial argument on appeal, a no-contest plea does not waive the issue. *State v. Luna*, 2 Ohio St.3d 57, 57-58, 442 N.E.2d 1284 (1982).

| Start Date | Action | Charged to Defendant | Charged to State |
|---|---|---|---|
| 6/15/2020 | Arrest Date (Time starts) | 0 | 43 |
| 7/28/2020 | Lykins's Continuance (Unsigned) | 0 | 6 |
| 8/3/2020 | Discovery Demand & Competency Evaluation | 25 | 0 |
| 8/28/2020 | Lykins's Continuance to 9/15/2020 | 18 | 0 |
| 9/15/2020 | Continuance Ends (Competency Evaluation Pending) | 3 | 0 |
| 9/18/2020 | Lykins's Continuance to 10/15/2020 | 27 | 0 |
| 10/15/2020 | Continuance Ends | 0 | 5 |
| 10/20/2020 | Lykins's Continuance to 10/29/2020 | 10 | 0 |
| 10/30/2020 | Lykins's Continuance to 12/9/2020 | 40 | 0 |
| 12/9/2020 | Lykins's Continuance to 1/13/2021 | 35 | 0 |
| 1/13/2021 | Lykins's Continuance to 2/10/2021 | 28 | 0 |
| 2/10/2021 | Lykins's Continuance to 7/26/2021 | 166 | 0 |
| 7/26/2021 | Lykins's Continuance to 8/31/2021 | 37 | 0 |
| 9/1/2021 | Lykins's Continuance to 9/22/2021 | 21 | 0 |
| 9/22/2021 | Lykins's Continuance to 10/7/2021 | 15 | 0 |
| 10/7/2021 | Continuance Ends | 0 | 8 |
| 10/15/2021 | Lykins's Continuance to 2/14/2022 | 103 | 0 |
| 1/26/2022 | Lykins's Continuance to 2/24/2022 | 7 | 0 |
| 2/2/2022 | Court Finds Lykins Guilty (Time Stops) | | |
| **Total Days Charged** | | 535 | 62 |

**{¶21}** Lykins's calculations were inaccurate. On the date when the trial court accepted Lykins's no-contest pleas and found him guilty, approximately 28 days remained before Lykins's speedy-trial time expired.

**{¶22}** Lykins also asserts that he did not give consent for his counsel to waive his time and that his November 2020 pro se motion to dismiss served as notice that he was not waiving speedy-trial rights. First, as discussed above, his pro se motion was improperly filed because Lykins had no right to hybrid representation. Moreover, while his motion states that he had never signed a time waiver, Lykins's counsel's representations are imputed to Lykins. And there is nothing in the record showing that Lykins instructed his counsel not to waive time.

**{¶23}** Lykins waived his speedy-trial rights at least a dozen separate times. Those waivers of time caused the delay, not the state's actions. Accordingly, the trial court did not violate Lykins's right to a speedy trial and his counsel was not deficient. We overrule Lykins's second assignment of error.

### III.   Conclusion

**{¶24}** The trial court did not err by denying Lykins's motion to dismiss because Lykins is not entitled to hybrid representation and his counsel did not join in the motion. Further, the trial court accepted Lykins's no-contest pleas and found him guilty within the statutory time limit. We affirm the trial court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

7