The STATE of Ohio, Appellant,

v.

SEARS, Appellee.

[Cite as *State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050150.

Decided Nov. 10, 2005.

Julia L. McNeil, City Solicitor, Ernest F. McAdams Jr., City Prosecutor, and Thomas O. Beridon, Assistant Prosecutor, for appellant.

A. Norman Aubin, for appellee.

---

MARK P. PAINTER, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, challenges the trial court's decision to dismiss the charges against defendant-appellee, Douglas Sears. The trial court held that nine months was an unreasonable delay between the filing of the complaint and the service of the warrant on Sears at an unrelated traffic stop. The state contends that the trial court incorrectly applied a constitutional analysis when the state statute of limitations allowed for a two-year period to begin prosecution for a first-degree misdemeanor.

{¶ 2} But the state confuses the issue. The prosecution was commenced during the two years, so the statute of limitations is not an issue. The trial court did not err in determining that the nine-month delay violated Sears's constitutional right to a speedy trial.

## I.  Could Someone Have Used Mapquest?

{¶ 3} On December 7, 2003, an altercation allegedly occurred between Sears and Daniel Nehring. As a result, Nehring signed a complaint on January 13, 2004, charging Sears with assault. The affidavit, complaint, and warrant for Sears's arrest were all issued on that date and contained, in all but one respect, Sears's correct home address of 2917 Robertson Avenue, Apartment # 1, Cincinnati, OH 45208. The only discrepancy was that the zip code was one number off, as it was listed as 45208 instead of 45209. The warrant did contain Sears's correct date of birth and social security number.

{¶ 4} It appears that no attempt was ever made to serve the warrant on Sears. Sears remained at the same address throughout this period and did not make any attempt to leave the jurisdiction or to avoid service. Furthermore, Sears never received a letter or any type of notification from law enforcement or the court system that he had an assault charge pending against him.

{¶ 5} Approximately nine months after the filing of the warrant and exactly ten months after the alleged incident, on October 7, 2004, the police stopped Sears for

speeding. Upon a record check, the officer discovered the pending assault charge and arrested Sears.

## II. Right to a Speedy Trial

{¶ 6} The Sixth Amendment to the United States Constitution provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." The United States Supreme Court has held that this right is applicable to state criminal trials under the Fourteenth Amendment.[1] The Ohio Constitution provides similar protection.[2] Furthermore, the Ohio Supreme Court has held that the constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment.[3]

{¶ 7} Although the United States Supreme Court has subsequently ruled in *United States v. Marion*[4] that the speedy-trial guarantee under the Sixth Amendment to the United States Constitution has no applicability to preindictment delays, the Ohio Supreme Court has stated that its ruling in *State v. Meeker* is viable in cases that are factually similar to it.[5] The court in the *Marion* case essentially limited speedy-trial guarantees to those who have been formally accused of a crime.[6] In our view, the present case is factually similar to *Meeker* and does not encounter *Marion* problems, because Sears was subject to an official accusation—the complaint signed by Nehring and the subsequent issuance of a warrant. The delay between this accusation and the eventual arrest nine months later thus should have triggered an analysis of whether Sears was afforded the protections of the Sixth Amendment.

{¶ 8} In *Barker v. Wingo*, the United States Supreme Court held that a "balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis."[7] The court identified four factors that a court should assess in determining whether the constitutional right to a speedy trial has been violated:

1. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

2. Section 10, Article I, Ohio Constitution.

3. *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589, paragraph three of the syllabus.

4. *United States v. Marion* (1971), 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468.

5. *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 15 OBR 296, 472 N.E.2d 1097, and *State v. Selvage* (1997), 80 Ohio St.3d 465, 466, 687 N.E.2d 433.

6. *Marion*, 404 U.S. at 316–317, 92 S.Ct. 455, 30 L.Ed.2d 468.

7. *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant.[8] Although the court stated that no one factor is controlling, it noted that the length of the delay is a particularly important factor: [9]

{¶ 9} "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." [10]

{¶ 10} In this case, the state argues that Sears's speedy-trial rights could not have been violated because the length of the delay, nine months, was not prejudicial under R.C. 2901.13(A)(b), which provides a period of two years to bring a misdemeanor charge. But the state's argument overlooks the fact that R.C. 2901.13 is a statute of limitations, not a prescribed minimum time that must run before prejudicial delay can occur. For statute-of-limitation purposes, the state does have two years to discover a crime and file charges. But once charges are filed but not served, the issue is entirely different. And in this case of a first-degree misdemeanor, the government would have had only 90 days from the date of arrest or service of summons, not nine months, to bring Sears to trial.[11] So we might start with a premise that any delay of more than 90 days is presumptively prejudicial.

{¶ 11} The *Barker* court specifically rejected setting a fixed approach to speedy-trial analysis, finding that there could be no constitutional basis for specifying a set number of days or months.[12] But the Supreme Court later noted that courts hold generally that a postaccusation delay is presumptively prejudicial as it approaches one year.[13] In *State v. Selvage*, the Ohio Supreme Court held that a ten-month delay from the filing of a criminal complaint to the indictment of the accused was presumptively prejudicial.[14]

---

8. Id.

9. Id.

10. Id. at 530–531, 92 S.Ct. 2182, 33 L.Ed.2d 101.

11. R.C. 2945.71(B)(2).

12. Id. at 523, 92 S.Ct. 2182, 33 L.Ed.2d 101.

13. *Doggett v. United States* (1992), 505 U.S. 647, 652, 112 S.Ct. 2686, 120 L.Ed.2d 520, fn. 1.

14. *State v. Selvage* (1997), 80 Ohio St.3d 465, 468, 687 N.E.2d 433.

{¶ 12} In this case, there was a nine-month delay from the filing of the criminal complaint until Sears was arrested during an unrelated traffic stop. We are convinced that this nine-month delay was presumptively prejudicial to Sears in light of the holdings of *Selvage* [15] and *Doggett*.[16] This delay thus acted as a "trigger mechanism" to weigh the other *Barker* factors in determining whether Sears's constitutional right to a speedy trial was infringed.

{¶ 13} The second factor is the state's reason for the delay. As the court in *Doggett v. United States* noted, pretrial delay is "often both inevitable and wholly justifiable." [17] A court must weigh whether the government needed time to collect witnesses, file pretrial motions, track down the accused, and otherwise prepare for trial. Here, none of these considerations came into play—the warrant just sat in the file. The delay was neither reasonable nor justifiable.

{¶ 14} There is no evidence in the record to indicate that the state pursued any avenues in attempting to serve the warrant and complaint upon Sears. The state never suggested that it had a problem locating Sears or needed extra time to collect witnesses or to file pretrial motions. And Sears did not attempt to avoid service or move outside the jurisdiction. If the state had pursued Sears with any reasonable diligence, the trial court's conclusion might have been different. The alleged assault in this case occurred in December 2003. A criminal complaint was filed and a warrant was issued in January 2004. But for the traffic stop nine months later, it does not appear that Sears would ever have been prosecuted for this offense. Thus, we conclude that the delay was a result of the state's lack of diligence.

{¶ 15} The third factor to consider is the accused's assertion of the right to a speedy trial. There is nothing in the record to suggest that Sears knew of the complaint or the warrant prior to his arrest, so this too weighed in Sears's favor. Just as the defendant in *Doggett* did not assert the right until after his arrest, Sears should not be punished for failing to assert this right any sooner—he could not have. He asserted it at the earliest moment possible due to his ignorance of the warrant.

{¶ 16} The state is then left with only one factor—that Sears failed to make out a speedy-trial claim because he did not show prejudice. But the court in *Doggett* noted that "[o]nce triggered by arrest, indictment, or other official accusation, however, the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that

---

15. Id.

16. *Doggett*, 505 U.S. at 652, 112 S.Ct. 2686, 120 L.Ed.2d 520.

17. Id. at 656, 112 S.Ct. 2686, 120 L.Ed.2d 520.

*Barker* recognized." [18]   The court went on to say that the "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.'" [19]   Therefore, we hold that Sears's defense was prejudiced by the delay of nine months. When, as here, the state has made an official accusation, but fails to use any reasonable diligence to let its accusation be known to the defendant, prejudice is presumed.

{¶ 17} We hold that the trial court did not err in determining that Sears was deprived of his Sixth Amendment right to a speedy trial.   The trial court was correct in determining that the delay in commencing the prosecution in this case, the state's failure to attempt to serve Sears, was constitutionally unreasonable. We further conclude that Sears asserted his right to a speedy trial and that he was indeed prejudiced by the delay.

{¶ 18} Accordingly, we overrule the state's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

HILDEBRANDT, P.J., and GORMAN, J., concur.

---

**18.**   *Doggett,* 505 U.S at 655, 112 S.Ct. 2686, 120 L.Ed.2d 520.

