[Cite as *State v. Duncan*, 2021-Ohio-3229.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200079<br>TRIAL NO. 18CRB-21815 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TROY DUNCAN, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 17, 2021

*Andrew Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Corey Morris*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Krista Gieske*, Assistant Public Defender, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} The state of Ohio appeals from the municipal court's granting of Troy Duncan's motion to dismiss a theft complaint. Duncan moved for dismissal on the ground that an almost 13-month delay between the filing of the complaint and his arrest violated his right to a speedy trial under the United States and Ohio Constitutions. The trial court granted the motion, persuaded that the state failed to demonstrate a valid reason for the delay and that the length of the delay warranted a presumption of prejudice to the defense. We conclude that, given the state's initial diligence and the lack of evidence linking the delay to the subsequent absence of diligence, this was not an egregious case in which the length of the delay alone supports a showing of prejudice. Because Duncan did not adequately demonstrate prejudice, we reverse.

### Background Facts and Procedure

{¶2} On August 20, 2018, Ohio Gaming Enforcement Agent Joel Lynch filed a complaint against Duncan in the Hamilton County Municipal Court charging Duncan with a first-degree misdemeanor theft offense. According to the allegations, Duncan had stolen a speaker from a casino located in Hamilton County, Ohio, and the theft was captured on surveillance video. Agent Lynch additionally filed a warrant for Duncan's arrest on that same date, but he lacked an in-state address. Both of the addresses Agent Lynch found for Duncan—his "last known address" obtained from the Regional Crime Information Center ("RCIC") database, and the address Duncan listed on the rewards card application submitted to the casino—were in Kentucky.

{¶3} Agent Lynch attempted to contact Duncan in Kentucky two times by certified mail. Both letters were returned without service, the first on October 2,

2

2018, and the second on November 12, 2018. Except for an unsuccessful attempt to reach Duncan by phone, Agent Lynch was not aware of any other efforts to arrest Duncan or notify him of the charges.

{¶4} Duncan was arrested on the warrant on September 13, 2019. He timely filed a motion to dismiss asserting a violation of his constitutional right to a speedy trial.

{¶5} On January 22, 2020, the trial court held a hearing on the motion to dismiss. Although Agent Lynch testified that he made no additional personal efforts to track down Duncan after the second certified letter was returned without service, he testified that he had instructed the casino to notify him if Duncan reappeared. Further, Agent Lynch acknowledged that he made no attempt to have Kentucky law enforcement locate or serve Duncan. He explained, however, that in doing so, he was following the general directive of the prosecutor, a directive that seemed appropriate because he lacked a verified address.

{¶6} Duncan did not testify. Further, he presented no evidence of where he was living during the nearly 13-month delay between the filing of the complaint and his arrest.

{¶7} In moving for dismissal, defense counsel did not argue that Duncan was actually prejudiced by the delay. Instead, defense counsel took the position that the state failed to use any reasonable diligence in letting its accusation be known to Duncan and, that fact, coupled with the 13-month delay, warranted a presumption of prejudice to Duncan's defense.

{¶8} The trial court granted the motion to dismiss, finding that the factors under *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), weighed in favor of a dismissal. The court's analysis focused on the reason for the delay—the

second *Barker* factor—and prejudice from the delay—the fourth *Barker* factor. With respect to the second factor, the court noted that Agent Lynch had made only two attempts by mail to notify Duncan of the warrant and made no attempt to have Kentucky law enforcement reach out to Duncan. Coupled with the lack of evidence that Duncan hid from law enforcement, evaded law enforcement, or attempted to conceal his whereabouts, the court concluded the state failed to demonstrate a "valid reason" for the delay.

{¶9} With respect to the fourth factor, the trial court concluded that prejudice to the defense could be presumed due to the passage of time. The state now appeals, challenging the dismissal of the complaint in one assignment of error.

## Analysis

{¶10} The issue raised in the state's assignment of error is whether the 13-month delay between the filing of the theft complaint and Duncan's arrest violated Duncan's constitutional right to a speedy trial.

{¶11} When evaluating a claim that a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of the delay, (2) the state's proffered reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant. *Barker,* 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101, quoted in *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). This same test applies to evaluate a claimed violation of Ohio's speedy-trial provision set forth in Article I, Section 10, of the Ohio Constitution. *See State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 14.

{¶12} Review of a speedy-trial claim involves a mixed question of law and fact. Therefore, we defer to the trial court's factual findings, including findings of

4

historical facts, if they are supported by competent, credible evidence, but we review the application of the law to those facts de novo. *Id.* at ¶ 15.

{¶13} Initially, we note there is a discrepancy concerning the historical facts relating to the certified letters. Agent Lynch testified he sent both certified letters to the same Kentucky address, but the trial court found in its written decision that Agent Lynch sent a letter to each Kentucky address, first to an address in Elsmere, Kentucky, and then to an address in Dry Ridge, Kentucky. The certified mail envelopes containing the addresses were presented to the court for review during Agent Lynch's testimony. Those envelopes, however, were not offered into evidence and are not contained in the record. Considering these circumstances, we cannot adopt the trial court's factual finding because it is not supported by competent credible evidence. Accordingly, we adopt a factual finding consistent with Agent Lynch's testimony that he sent the letter by certified mail to Duncan's last known address twice. We otherwise defer to the trial court's historical facts when we apply the *Barker*-factor analysis.

### The Length of the Delay

{¶14} The length-of-the-delay inquiry serves as a threshold inquiry that a defendant must satisfy before triggering further analysis under the *Barker* factors. Generally, as a delay between formal accusation and arrest approaches one year, the delay triggers further analysis. *See Doggett*, 505 U.S. at 652, 112 S.Ct. 2686, 120 L.Ed.2d 520, fn. 1.; *Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, at ¶ 19. In this appellate district, a delay of nine months or more in a misdemeanor-assault case gives prima facie merit to a claim of denial of the constitution-based right to a speedy trial and requires the court to analyze the three remaining *Barker* factors to determine if reversal is warranted. *State v. Sears*, 166 Ohio App.3d 166,

5

2005-Ohio-5963, 849 N.E.2d 1060, ¶ 12 (1st Dist.). Consistent with this precedent, the state has never disputed that the 13-month delay in this case triggered analysis under the remaining three *Barker* factors.

{¶15} But this first factor only "technically" weighs in Duncan's favor because he was not incarcerated and did not have knowledge of the charges. *State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997), cited in *State v. Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, ¶ 14; *State v. Bush*, 1st Dist. Hamilton No. C-190094, 2020-Ohio-1229, ¶ 15.

### Reason for the Delay

{¶16} The second factor attributes fault for the delay and operates on a "sliding scale." *See State v. Rogers*, 1st Dist. Hamilton No. C-180120, 2019-Ohio-1251, ¶ 9. Deliberate dilatory acts are weighted heavily against the state, while negligent acts are weighted less heavily against the state. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101. The record does not demonstrate deliberate dilatory acts and the trial court found none.

{¶17} Further, while the record reflects some delay due to government neglect, it also reflects adequate diligence during some period of the delay. Agent Lynch located Duncan's last known address from a reliable source, and sent certified letters to that location to notify Duncan of the charges. The use of certified mail is recognized under the Ohio Rules of Criminal Procedure for service of summons within the boundaries of the state of Ohio. *See* Crim.R. 4(D). These mailings qualify as serious efforts reasonably calculated to reach Duncan and notify him of the charges and secure his appearance. *See Triplett* at 569-570. It follows that the government did establish a justifiable reason for the delay—it could not find Duncan.

6

**{¶18}** The state is not charged with justified, appropriate delay. *See United States v. Moreno*, 789 F.3d 72, 80 (2d Cir.2015); *Triplett* at 569; *see also Bush*, 1st Dist. Hamilton No. C-190094, 2020-Ohio-1229, at ¶ 27; *State v. Jackson*, 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 13 (1st Dist.).

**{¶19}** Admittedly, Agent Lynch did not follow up with attempts to locate Duncan by other means after learning the letters had not reached Duncan. But the trial court did not make any findings that Duncan would have been found earlier if Agent Lynch had continued to pursue Duncan. That finding cannot be made on this record, as there was no evidence suggesting that Duncan lived at either Kentucky address or even " 'openly under his name.' " *See Moreno*, 789 F.3d at 80, quoting *Doggett*, 505 U.S. at 649-650, 112 S.Ct. 2686, 120 L.Ed.2d 520.

**{¶20}** Thus, some of the delay in this case was justified, and the remainder of the delay was not causally connected to any negligence of the government. Consequently, this factor weighs against the state, but only slightly. *See Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, at ¶ 26, citing *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101.

### Timely Assertion of the Speedy Trial Right

**{¶21}** With respect to the third factor, the parties agree that Duncan timely moved to dismiss the complaint. This factor weighs in Duncan's favor.

### Prejudice

**{¶22}** The fourth factor involves a consideration of the interests that the right to a speedy trial was designed to protect. This includes (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *See Barker* at 532. The first two interests are not implicated in this case. Duncan was not

7

incarcerated in the period before the filing of the complaint and his arrest, and there is no evidence he suffered anxiety or concern during that period.

{¶23} With respect to the last interest, Duncan has never alleged any particularized trial prejudice. Instead, he contends that trial prejudice should be presumed, relying on our prior decision in *Sears.*

{¶24} In *Sears,* this court presumed that a criminal defendant was prejudiced by a postaccusation delay of only nine months when the state failed to make any effort to notify the defendant of the complaint. *Sears,* 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, at ¶ 16. But, we emphasized that there was plenty of evidence connecting the lack of diligence to the delay, because the state never suggested it had a problem locating the defendant, who had resided at the same address during the challenged delay, and the police had defendant's social security number, date of birth, and correct address with the exception of the last digit of the zip code. *Sears* at ¶ 3-4, 14.

{¶25} This case is very different from *Sears,* because the record reflects the state initially made diligent efforts to notify Duncan of the complaint and there is no identifiable causal connection between the subsequent failure of diligence and the delay.

{¶26} Typically, "prejudice may be presumed only in aggravated cases involving excessive delay." *Rogers,* 1st Dist. Hamilton No. C-180120, 2019-Ohio-1251, at ¶ 17, citing *State v. Rice,* 2015-Ohio-5481, 57 N.E.3d 84, ¶ 28 (1st Dist.), citing *Doggett,* 505 U.S. at 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520. For instance, we presumed prejudice where there was a four-year delay in the service of arrest warrants "brought on" by the lack of the state's diligence for all but the first month after the warrants issued. *Jackson,* 2016-Ohio-5196, 68 N.E.3d 1278, at ¶ 20.

8

{¶27} Admittedly, we recently presumed prejudice in a case involving a delay of about 15 months, close to the 13-month delay in this case. *State v. Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, ¶ 2, 17. But when examining the state's culpability for the delay in *Pierce*, we were unable to "definitively" rule out that the state had "acted intentionally to thwart service of the indictment." *Id.* at ¶ 12.

{¶28} Here, Duncan was arrested 13 months after the filing of formal charges and a warrant. Agent Lynch demonstrated that at the start of the 13-month period, he twice attempted to notify Duncan of the charges by certified mail. Agent Lynch learned several months later those diligent attempts ultimately failed. During the subsequent 10-month period, Agent Lynch did not follow up with the other Kentucky address or with Kentucky authorities, but he did request that the casino "immediately" notify the commission if Duncan returned to the casino.

{¶29} Under these circumstances, the 13-month delay coupled with the state's culpability does not rise to the level of an aggravated case involving excessive delay in which prejudice should be presumed. *See State v. Mead*, 1st Dist. Hamilton Nos. C-190604, C-190620, C-190622, C-190623, C-190624 and C-190625, 2021-Ohio-1107 (declining to presume prejudice after a postaccusation delay of only 11 months, even though there was no attempt at service, including out-of-state service, where the record supported the state's claim that it had a problem locating the defendant); *Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567 (declining to presume prejudice from a two-year postaccusation delay after considering the state's difficulty in locating the admittedly homeless defendant); *Bush*, 1st Dist. Hamilton No. C-190094, 2020-Ohio-1229 (declining to presume prejudice from a 21-and-one-half-month delay from formal charge to arrest where the state made "periodic and regular efforts" to locate the defendant at his last

known address); *Rogers*, 1st Dist. Hamilton No. C-180120, 2019-Ohio-1251 (declining to presume prejudice after a 15-month delay from formal charge to arrest).

## Conclusion

{¶30} We conclude that the first, second, and third *Barker* factors weigh in Duncan's favor, but not strongly. The fourth factor weighs decidedly against Duncan because he failed to show any actual prejudice. Considering all the circumstances in the case, the 13-month postaccusation delay was not so unreasonable to result in a violation of Duncan's constitutional speedy-trial rights. Consequently, we sustain the state's assignment of error.

{¶31} Accordingly, we reverse the trial court's judgment dismissing the complaint and remand the cause for further proceedings, including reinstatement of the complaint.

*Judgment reversed and cause remanded.*

**CROUSE, J.,** concurs.
**ZAYAS, P.J.**, concurs in judgment only.

Please note:
  The court has recorded its own entry this date.