[Cite as *State v. Wilson*, 2022-Ohio-2076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210587 |
| | | TRIAL NO. C-20CRB-23686 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| COURTNEY WILSON, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 17, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1} The state of Ohio appeals from the municipal court's granting of Courtney Wilson's motion to dismiss the complaint charging him with gross sexual imposition involving a minor, a third-degree misdemeanor. Wilson timely moved for dismissal on speedy-trial grounds due to an almost nine-month delay between the filing of the complaint and his arrest at an unrelated traffic stop. Following a hearing, the trial court granted the motion on the grounds that the delay violated Wilson's constitutional right to a speedy trial, even though Wilson did not demonstrate any prejudice from the delay and the state presented testimony showing the absence of evidentiary prejudice. For the reasons that follow, we reverse.

## I. Background Facts and Procedure

{¶2} On December 8, 2020, Detective Brian Brown of the North College Hill Police Department filed the complaint against Wilson based on a recent Mayerson Center interview of the minor victim. The detective additionally filed the minor's affidavit in support of the complaint, which detailed an event on September 19, 2020.

{¶3} On the same day the detective filed the complaint and affidavit, the detective also filed a warrant for Wilson's arrest. Believing that he had no current address for Wilson, despite efforts to find one, the detective included no address on the warrant.

{¶4} Of relevance, the victim's mother told Detective Brown that Wilson no longer resided at the "last known" address listed for Wilson in "TLO," the "Lexis-Nexis-type system" used by the North College Hill Police Department. The detective tried to contact Wilson by phone, but learned the first number he located had been disconnected. After obtaining a second number through a search in TLO, the detective

called that number and then left a message when no one answered. He later sent a text message to the phone number and received no response. All of the detective's efforts to locate Wilson and inform him of the charge ceased after the detective filed the warrant.

{¶5} On August 30, 2021, almost nine months after the complaint and warrant were filed, Wilson was arrested on the warrant during an unrelated traffic stop. Shortly thereafter, Wilson moved to dismiss the charge on speedy-trial grounds.

{¶6} In his motion to dismiss, Wilson informed the court his constitution-based-speedy-trial claim should be considered under the four-factor *Barker* test. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Wilson contended there was a postaccusation delay of almost nine months, the police failed to act with reasonable diligence during the delay, and he had asserted his speedy-trial rights shortly after learning of the charge, when he was arrested on the warrant. Wilson then claimed in conclusory terms that he had not been timely alerted of the charge to adequately prepare a defense.

{¶7} The trial court held a hearing on the motion to dismiss, and Detective Brown's testimony was the only evidence presented. The detective relayed to the court his unsuccessful efforts to reach Wilson before completing the warrant, but also conceded that he did not undertake any efforts after the warrant was filed.

{¶8} Importantly, however, the state presented evidence touching on any evidentiary prejudice to Wilson from the delay before his arrest. Detective Brown testified that the interviews he engaged in with witnesses as part of his investigation were recorded and still available. The detective further indicated he was unaware of any evidence that was no longer available.

3

{¶9} After the detective's short testimony, the trial court found "there was a failure of reasonable diligence to serve the defendant and therefore the case is dismissed for lack of speedy trial."

## II. Analysis

{¶10} The state's sole assignment of error challenges the trial court's granting of the motion to dismiss. The state argues the trial court failed to properly apply the *Barker* test. Additionally, the state maintains the delay between the filing of the complaint and Wilson's arrest did not run afoul of Wilson's constitutional right to a speedy trial, a conclusion reached when the *Barker* test is properly applied. Conversely, Wilson contends that this court should presume that the trial court properly considered and weighed all the *Barker* factors, pointing out that the state did not request additional findings.

{¶11} The parties agree that the review of a constitutional-speedy-trial claim raises mixed questions of law and fact, we defer to the trial court's factual findings if they are supported by competent, credible evidence, and we review the application of the law to those facts de novo. *See, e.g., State v. Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, ¶ 12.

{¶12} To determine whether a particular postaccusation delay is constitutionally reasonable, "a court must balance four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant." *State v. Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, ¶ 10, citing *Barker*, 470 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶13}  Here, the trial court in its decision only mentioned the second *Barker* factor—the reason for the delay.  And, after finding a lack of reasonable diligence by the police, the court concluded "therefore" that the delay was constitutionally unreasonable. The trial court made no mention of the other factors, including the crucial and disputed prejudice prong. Thus, the record, which affirmatively demonstrates that the trial court did not weigh all four *Barker* factors to determine if the circumstances behind the delayed arrest made it constitutionally unreasonable, rebuts the presumption of regularity we accord to trial court proceedings and demonstrates trial court error.  *See State v. Williams*, 1st Dist. Hamilton No. C-190380, 2020-Ohio-5245, ¶ 10.

{¶14}  Moreover, when the remaining *Barker* factors are considered and weighed, in light of the trial court's lack-of-diligence finding and according to the law, the delayed arrest passes constitutional muster.

{¶15}  Initially, there is no dispute that the first factor, the length of the delay, weighs in favor of Wilson.  But the weight afforded that factor is negligible, as Wilson was not confined during the delay and apparently was unaware of the complaint.  *See State v. Bush*, 1st Dist. Hamilton No. C-190094, 2020-Ohio-1229, ¶ 15, citing *State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997), cited in *Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, at ¶ 14, and *Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, at ¶ 15.

{¶16}  Next we review the second *Barker* factor.  "The second factor attributes fault for the delay and operates on a 'sliding scale'. * * * Deliberate dilatory acts are weighted heavily against the state, while negligent acts are weighted less heavily against the state."  *Duncan* at ¶ 16, citing *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, 33

5

L.Ed.2d 101. The trial court made no finding that the failure to serve Wilson was deliberately dilatory or grossly negligent, or that absent the detective's lack of diligence Wilson likely would have been found sooner. To that end, there was no evidence introduced at the hearing such as Wilson's location during the delay to support increasing the culpability of the state with respect to the delay. *See Duncan* at ¶ 19-20. Moreover, Detective Brown indicated he was unable to find a valid address and that his attempts to reach Wilson by phone were unsuccessful. Thus, we conclude this factor weighs against the state but only minimally.

{¶17} The third *Barker* factor focuses on whether Wilson timely asserted his speedy-trial right. The state concedes that Wilson's assertion of his speedy-trial right was timely where Wilson filed a motion to dismiss less than two weeks after the arrest that alerted him to the charges. Thus, this factor weighs in Wilson's favor.

{¶18} The fourth and final *Barker* factor is prejudice to the defendant. Prejudice must be assessed in the light of the interests of defendants that the speedy-trial right was designed to protect. The Supreme Court has identified three such interests: (1) "to prevent oppressive pretrial incarceration," (2) "to minimize anxiety and concern of the accused," and (3) "to limit the possibility that the defense will be impaired." *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶19} In this case, Wilson was not incarcerated before the warrant was served, and he based his motion to dismiss on a claim that he did not learn of the complaint before his arrest. Thus, the first two interests are not at issue in this case.

{¶20} With respect the last interest, the United States Supreme Court said, "th[is] [is] most serious * * * because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a

delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." *Id.*

{¶21} The assessment of prejudice to the defendant is impacted by both the reason for the delay, including any reprehensible police conduct, and the length of the delay. *See Doggett v. United States*, 505 U.S. 647, 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, at ¶ 31-38; *Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, at ¶ 26. Prejudice should be presumed in only egregious or aggravated cases. *Muhammadel* at ¶ 36; *Duncan* at ¶ 26-27.

{¶22} Here, the trial court found a lack of diligence on the part of the detective, who explained his less-than-stellar efforts to contact Wilson. While the detective was not reasonably diligent after he filed the warrant, he had exerted some efforts to locate and notify Wilson. Further, he believed he lacked a valid address to serve Wilson and left phone messages for Wilson. Wilson presented no evidence suggesting that more diligent efforts would have led to an earlier arrest. Moreover, the delay was less than nine months.

{¶23} The facts fall outside the reach of the egregious or aggravated cases where prejudice has been presumed. *See State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, ¶ 16 (1st Dist.); *Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, at ¶ 24-29, and cases cited therein. In *Sears*, this court presumed that a criminal defendant was prejudiced in a misdemeanor case by a postaccusation delay of only nine months when the state failed to make any effort to notify the defendant of the complaint. *Sears* at ¶ 16. We emphasized, however, that

there was plenty of evidence connecting the lack of diligence to the delay, because the state never suggested it had a problem locating the defendant, who had resided at the same address during the challenged delay, and the police had defendant's social security number, date of birth, and correct address with the exception of the last digit of the zip code. *Sears* at ¶ 3-4, 14.

{¶24} Moreover, in this case Detective Brown testified that he was unaware of any evidence in the case that was lost because of the delay. The detective additionally testified that witness interviews were recorded and were still available.

{¶25} We note this is not a case where the trial court found that the defendant made an affirmative showing of prejudice, a finding that this court would defer to unless it was clearly erroneous. *See State v. Mughni*, 2022-Ohio-626, 185 N.E.3d 678, ¶ 15-16 (1st Dist.) (Deferring to trial court's factual determination that the defense was undermined by the absence of the body-camera footage.). Instead, this case involves the absence of prejudice to Wilson, including evidentiary prejudice. As a result, the fourth factor weighs strongly against Wilson.

### III. Conclusion

{¶26} Upon our review, we determine that the trial court erred when evaluating Wilson's constitutional-speedy-trial claim. Moreover, considering all the circumstances in the case, those circumstances as a matter of law do not support a conclusion that Wilson's constitutional right to a speedy trial was violated by the almost nine-month delay between the filing of the complaint for gross sexual imposition and Wilson's arrest. The last *Barker* factor weighs heavily against Wilson and the first three factors weigh only minimally in Wilson's favor. Consequently, we sustain the state's assignment of error.

**{¶27}** Accordingly, we reverse the trial court's judgment dismissing the complaint and remand the cause for further proceedings, including reinstatement of the complaint.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.