[Cite as *Seville v. Kilgore*, 2023-Ohio-4765.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| VILLAGE OF SEVILLE | | C.A. No.     23CA0018-M |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE WADSWORTH MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| CHAD KILGORE | | |
| Appellee | | CASE No.     23CRB00086 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2023

SUTTON, Presiding Judge.

{¶1}    Plaintiff-Appellant Village of Seville appeals from the judgment of the Wadsworth Municipal Court. This Court reverses.

I.

{¶2}    Mr. Kilgore, a resident of the Village of Seville, was issued a citation for committing the offense of having a dog at large in violation of Seville Village Ordinance 90.01(B)(3)(a). The incident giving rise to the citation occurred on October 25, 2022, when Mr. Kilgore's dog entered his neighbor's property. While the incident occurred in October 2022, Mr. Kilgore was not issued a citation for the incident until February 9, 2023. After requesting a continuance at his February 13, 2023 arraignment, Mr. Kilgore appeared in the Wadsworth Municipal Court on March 1, 2023. At that time, the trial court, after engaging in discussion with Mr. Kilgore about the timeline of the citation, dismissed the case for failure to prosecute in a timely manner.

**{¶3}** The Village timely appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED WHEN IT DISMISSED THE CASE AT ARRAIGNMENT FOR FAILURE TO PROSECUTE.**

**{¶4}** In its sole assignment of error, the Village argues the trial court erred in dismissing the case for failure to prosecute in a timely manner. We agree.

**{¶5}** R.C. 2901.13 sets forth limitations on criminal prosecutions and states as follows:

(A)(1) Except as provided in division (A)(2), (3), (4), or (5) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
(a) For a felony, six years;
(b) For a misdemeanor other than a minor misdemeanor, two years;
(c) For a minor misdemeanor, six months.

**{¶6}** Mr. Kilgore was charged with one count of dog at large, in violation of Seville Village Ordinance 90.01(B)(3)(a), a minor misdemeanor pursuant to Seville Village Ordinance 90.01(D)(2)(a) ("Whoever commits a violation of division (B)(3) of this section involves a nuisance dog is guilty of a minor misdemeanor on the first offense and of a misdemeanor of the fourth degree on each subsequent offense involving the same dog."). For a first offense, the penalty of a violation of Seville Village Ordinance 90.01(B)(3)(a) is a fine of not less than twenty-five dollars or more than one hundred dollars. *See* Seville Village Ordinance 90.01(D)(1)(a).

**{¶7}** We note that time limitations on prosecutions under R.C. 2901.13(A)(1) are not without limitations. In *State v. Selvage*, the Ohio Supreme Court found that statutory limitations on prosecutions were not relevant when determining whether an individual's Sixth Amendment right to a speedy trial was violated. *State v. Selvage*, 80 Ohio St.3d 465 (1997), paragraph one of syllabus. However, there is no indication in the record Mr. Kilgore invoked his right to a speedy

trial, and, based on the limited factual record before us, we cannot say that the length of time between the incident on October 25, 2022, and the issuance of the citation on February 9, 2023, violated his right to a speedy trial.

{¶8} Because the Village charged Mr. Kilgore with a minor misdemeanor, the Village had six months to prosecute the offense under R.C. 2901.13(A)(1). The trial court dismissed the case before the six-month time limit expired. Therefore, without taking a position on the merits of the citation, we conclude the trial court erred in dismissing the matter for failure to prosecute.

{¶9} The Village of Seville's assignment of error is sustained.

III.

{¶10} The Village of Seville's assignment of error is sustained. The judgment of the Wadsworth Municipal Court is reversed, and the case is remanded for further proceedings.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, J.
CONCURS.

CARR, J.
DISSENTING.

{¶11} I respectfully dissent. While the trial court stated in its sentencing entry that it was dismissing the case against Kilgore for failure to prosecute in a timely manner, I do not believe the trial court was acting pursuant to the authority of R.C. 2901.13(A)(1). A review of the hearing transcript reveals that the trial court had concerns regarding the facts of the underlying incident as well as the timing of the investigation which ultimately led to the Village charging Kilgore with violating Seville Village Ordinance 90.01(B)(3)(a). I believe the trial court dismissed this case because the Village's delay in charging Kilgore violated his due process rights. *See generally State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, ¶ 11. Delay in the charging decision can result in prejudice to the accused in misdemeanor cases. *See State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, ¶ 10 (1st Dist.). ("[T]he [S]tate's argument overlooks the fact that R.C. 2901.13 is a statute of limitations, not a prescribed minimum time that must run before prejudicial delay can occur."). Accordingly, I would affirm the trial court's judgment.

APPEARANCES:

KRISTOPHER IMMEL, Attorney at Law, for Appellant.

CHAD KILGORE, pro se, Appellee.