[Cite as *State v. Gribbins*, 2024-Ohio-2973.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230676 |
| | | C-230677 |
| Plaintiff-Appellee, | : | C-230678 |
| | | TRIAL NOS. 22CRB-26A, B |
| vs. | : | C-23CRB-20032A |
| | | C-23CRB-14446B |
| GENE GRIBBINS, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:    Hamilton County Municipal Court

Judgments Appealed From Are:    Affirmed in C-230676; Appeals Dismissed in C-230677 and C-230678

Date of Judgment Entry on Appeal: August 7, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsely*, Chief Prosecuting Attorney, and *Dahkota Parish*, Assistant Prosecuting Attorney, *Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, *Sarah E. Nelson*, Assistant Public Defender, and *Andrea Miceli*, Legal Intern, for Defendant-Appellant.

**KINSLEY, Judge.**

{¶1} In the appeal numbered C-230676, defendant-appellant Gene Gribbins appeals the trial court's judgments convicting him of theft of retail items from a Meijer store and of criminal trespass into the store. He argues that the trial court erred in denying his motion to dismiss the charges on the basis that the state violated his constitutional right to a speedy trial. Because Gribbins initially left the scene while being apprehended by a store employee, and because Gribbins suffered no prejudice as a result of the delay in prosecution, we find no violation of his speedy-trial right. We therefore affirm the judgments of the trial court in the appeal numbered C-230676.

{¶2} Gribbins raises no assignments of error as to the appeals numbered C-230677 and C-230678. Those appeals are accordingly dismissed.

### *Factual and Procedural Background*

{¶3} On January 1, 2022, Gribbins was charged in the Hamilton County Municipal Court with one count of theft in violation of R.C. 2913.02, a misdemeanor of the first degree, and one count of criminal trespass in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree. The charges stemmed from an incident that occurred the day before at the Oakley Meijer store.

{¶4} According to the testimony of Tyler Vest, the store's asset protection manager, Gribbins entered the Meijer store with nothing in his hands. Vest then observed Gribbins on the store's video surveillance system attempting to leave the store with multiple reusable store bags containing merchandise without going through the check-out lane. Vest confronted Gribbins in person in the lobby of the store, where he recovered several items from Gribbins. These included stuffed animals and University of Cincinnati blankets. From this exchange, Vest surmised that Gribbins

had brought the reusable bags into the store and then used them to conceal merchandise from the toy section.

{¶5} Vest confronted Gribbins and identified himself as Meijer's asset protection staff. Vest asked Gribbins to return to the store, but Gribbins ran out of the store, jumped into a car, and took off.

{¶6} Vest had already contacted the police, because he had been warned earlier in the day about Gribbins by a theft prevention officer at another local Meijer store. As a result, Vest was on the lookout for Gribbins and had alerted the police as soon as Gribbins appeared on the store security camera. According to Vest, Gribbins had active warrants for his arrest involving thefts at other Meijer stores and was the subject of a trespass notice preventing him from entering any Meijer properties.

{¶7} Responding to Vest's call, Officer Jeffery Butler of the Cincinnati Police Department arrived on the scene after Gribbins drove away. He spoke with Vest, made a positive identification of Gribbins, and then filed the complaint against Gribbins the next day.

{¶8} Gribbins was not arrested on the theft and criminal trespass charges until November 18, 2023, over 22 months after the charges were filed. During those 22 months, the state did not attempt to arrest Gribbins or to otherwise bring him to trial.

{¶9} Shortly after his arrest, Gribbins filed a motion to dismiss the charges against him on the basis that the state had violated his constitutional right to a speedy trial. After a hearing at which both Butler and Vest testified, and at which the Meijer surveillance video viewed by Vest was presented, the trial court denied the motion. Gribbins then pleaded no contest, was found guilty as charged, and was sentenced to

180 days in jail with 12 days of credit on the theft offense and 12 days of incarceration with 12 days credit on the criminal trespass offense.

{¶10} Gribbins now appeals, raising a single assignment of error related to the trial court's denial of his speedy-trial motion.

### *Speedy Trial*

{¶11} Appellate review of a speedy-trial claim involves a blended question of law and fact. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15. On appeal, we defer to the trial court's factual findings so long as they are supported by competent, credible evidence, but we review the application of law to those facts de novo. *Id.*

{¶12} In determining whether the defendant's constitutional right to a speedy trial has been violated, courts consider four factors, taken from *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.22 101 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant.

### 1. *Length of the Delay*

{¶13} The first factor to consider is the duration of the pre-arrest delay. *Id.* This factor is viewed as a necessary trigger to the remaining speedy-trial factors. *State v. Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, ¶ 14. Courts have not adopted a hard and fast rule that requires a specific time threshold to warrant further inquiry into whether a speedy-trial violation occurred. *See State v. Benton*, 1st Dist. Hamilton No. C-210476, 2023-Ohio-153, ¶ 20. Nonetheless, this court has found a delay of nine months for a misdemeanor sufficient to trigger speedy-trial analysis. *See State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, ¶ 12 (1st

4

Dist.); *see also Duncan* at ¶ 14 (recognizing a 13-month delay as sufficient to satisfy the first prong of the speedy-trial test). The delay in Gribbins's case was 22 months. Under our precedent, this delay was sufficiently lengthy to trigger the remaining *Barker* factors.

### 2. *The Reason for the Delay*

{¶14} The second factor focuses on the state's explanation for the delay. *State v. Mughni*, 2022-Ohio-626, 185 N.E.3d 678, ¶ 9 (1st Dist.). Because delay can be both inevitable and for good reason, different reasons for delay are looked upon with different levels of scrutiny. *Id.* Acts taken with the intent to deliberately prolong the proceeding are strongly held against the state. *State v. Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, ¶ 15. Comparatively, where delay is a product of a neutral reason, such as the state's negligence or failure to act, the period of time weighs less harshly against the government. *Id.*

{¶15} The record here reveals that the state conducted no investigation into Gribbins's whereabouts during the 22 months the charges were pending. While the state did not act to obstruct Gribbins's right to a speedy trial, it certainly took no action to guarantee it either. Considering similar inaction in *State v. Mughni*, 1st Dist. Hamilton Nos. C-210334, C-210335, and C-210336, 2022-Ohio-626, ¶ 11, we held that the state's negligence in failing to locate the defendant weighed against it in the speedy-trial calculus, although not heavily.

{¶16} Gribbins's case, however, is not identical to *Mughni*. In weighing the reason for the delay, we are mindful of the fact that Gribbins would have had an opportunity to face a more prompt trial had he not left the scene when apprehended by Vest. Therefore, unlike the defendant in *Mughni*, Gribbins bears some degree of

responsibility for the gap between the incident and his arrest, and the delay was not entirely of the state's making.

{¶17} Given that both Gribbins and the state contributed to the pre-arrest delay in this case, we assess the second *Barker* factor as neutral between the parties. The reason for the delay weighs in neither party's favor in determining whether Gribbins's speedy-trial rights were violated.

### 3. *The Defendant's Assertion of the Right*

{¶18} Next we consider whether Gribbins timely asserted the right to a speedy trial. *See Barker*, 407 U.S. at 531-532, 92 S.Ct. 2182, 33 L.Ed.22 101. Gribbins filed his motion to dismiss the charges on speedy-trial grounds within ten days of his arrest. He therefore timely invoked his right to a speedy trial.

### 4. *Prejudice to the Defendant*

{¶19} The final *Barker* factor focuses on whether the defendant suffered prejudice as a result of the delay. *Id*. Prejudice can take two forms. It can be actual, such as when a defendant's ability raise specific defenses or elicit testimony from critical witnesses is compromised. *See Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, at ¶ 39. Or it can be presumed. *Id*. at ¶ 31. The notion of presumed prejudice in speedy-trial cases arises in part because prejudice to the defense is the most serious interest protected by the constitutional guarantee, but is often difficult to prove. *Barker* at 532. The presumption of prejudice is also grounded in the state's culpability in failing to bring the defendant to trial. *Muhammadel* at ¶ 31.

{¶20} As a result, courts have connected the inquiry into presumed prejudice to the state's degree of responsibility for pre-arrest delay. For example, in

*Muhammadel*, we declined to presume prejudice because the defendant lived a nomadic lifestyle and the state had made some efforts to locate him, even though the delay between incident and arrest was two years. *Id.* at ¶ 13 , 22, 37. But in *State v. Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, ¶ 2, 17, a case involving felony charges, we presumed prejudice where the defendant was not arrested for over a year without explanation. And we similarly presumed prejudice in *State v. Sears*, 166 Ohio App.3d 166, 2005-Ohio-5963, 849 N.E.2d 1060, ¶ 12 (1st Dist.), where a defendant was not served with a warrant for nine months, because the police had knowledge of his address the entire time the warrant was active.

{¶21} Turning to Gribbins's case, there is no argument that Gribbins was actually prejudiced by the delay. Both Vest and Butler were available to testify to the incident, and the surveillance video from the store had been preserved. Gribbins identified no witness or piece of evidence he was unable to present due to the delay in this case. Accordingly there was no specific, identifiable prejudice to Gribbins's defense as a result of the delay in bringing him to trial.

{¶22} We therefore consider whether prejudice can be presumed. While there is no indication that the state made any effort to locate Gribbins during the 22 months that the charges were pending in this case, that inaction is not dispositive of the prejudice inquiry in this case. The delay began when Gribbins left the scene rather than reentering the store as instructed by Vest. Given that Gribbins had previously been issued warrants for theft offenses involving Meijer stores and had been issued a trespass notice to stay out of Meijer properties, Gribbins was likely aware that an arrest would result were he to remain at the store. Thus, we cannot attribute the passage of time entirely to the state's culpability.

**{¶23}** While we do not condone the state's neglect in failing to locate Gribbins, we decline to presume prejudice under the specific facts of this case. In reaching that conclusion, we highlight the misdemeanor nature of the charges, the fact that the state did not actively obstruct Gribbins's speedy-trial rights, and Gribbins's role in frustrating his own arrest. This conclusion is consistent with our opinion in *Muhammadel*, where we found no presumed prejudice despite a longer delay than the one in this case. *Muhammadel*, 1st Dist. Hamilton No. C-190683, 2021-Ohio-567, at ¶ 22. The defendant's nomadic lifestyle in *Muhammadel* undermined the state's ability to bring him to arrest, thus mitigating the state's responsibility for the delay, much like Gribbins's conduct in leaving the store hampered the state's intervention and lessened its culpability here. *Id.* at ¶ 13, 37.

**{¶24}** Accordingly, the *Barker* factors do not suggest that Gribbins's right to a speedy trial was violated. While the 22-month delay in this case gives cause for concern, and Gribbins promptly asserted his speedy-trial right, both the state and Gribbins contributed to the delay, and there is no actual or presumed prejudice to Gribbins's defense. We therefore overrule Gribbins's sole assignment of error.

### *Conclusion*

**{¶25}** The trial court did not err in denying Gribbins's motion to dismiss the charges against him on speedy-trial grounds. We accordingly affirm the judgments of the trial court in the appeal numbered C-230676. The appeals numbered C-230677 and C-230678 are dismissed.

Judgment accordingly.

**BOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.