[Cite as *State v. Rogers*, 2019-Ohio-1251.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180120 |
| | | TRIAL NO. B-1706575 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ALLEN ROGERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Opinion on Appeal:  April 5, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1} Defendant-appellant Allen Rogers appeals his conviction for felonious assault. Rogers challenges the trial court's denial of his motion to dismiss the indictment based on an alleged violation of his constitutional right to a speedy trial. For the reasons set forth below, we affirm his conviction.

## I. Facts and Procedure

{¶2} On July 15, 2016, the Cincinnati Police Department ("CPD") filed a felony complaint and issued an arrest warrant against Rogers for one count of felonious assault. CPD attempted to serve the warrant on July 20, 2016, July 26, 2016, and October 8, 2016. All three attempts were unsuccessful. Approximately 15 months after the issuance of the arrest warrant, on November 3, 2017, Rogers was arrested pursuant to an unrelated investigation.

{¶3} After his arrest, Rogers was indicted on one count of felonious assault. Approximately 20 days later, Rogers asserted his right to a speedy trial and moved to dismiss the indictment. The trial court denied Rogers's motion and Rogers entered a plea of no contest. This appeal followed.

{¶4}   In his sole assignment of error, Rogers contends that the trial court erred in denying his motion to dismiss. He argues that the delay of 15 months between the issuance of the warrant and his arrest violated the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

## II. Standard of Review

{¶5} Our review of the trial court's ruling involves mixed questions of fact and law. We give due weight to the facts found by the trial court as long as they are supported by competent, credible evidence. *State v. Rice,* 2015-Ohio-5481, 57 N.E.3d 84, ¶ 15 (1st

Dist.). We review the trial court's conclusions of law de novo to determine whether the facts satisfy the applicable legal standard. *Id.*

### III. Constitutional Right to Speedy Trial

{¶6} The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial." The Ohio Constitution provides similar speedy-trial guarantees. *See* Article I, Section 10, Ohio Constitution. In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court set forth a four-part balancing test to determine whether a defendant has been deprived of his right to a speedy trial. The factors to be weighed are "length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* No single factor is determinative. *Id.* at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*

### 1. Length of Delay

{¶7} The first factor acts as a triggering mechanism. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors." *Id.* Courts have generally found delays over one year to be presumptively prejudicial. *State v. Selvage*, 80 Ohio St.3d 465, 468, 687 N.E.2d 433 (1997); *State v. Pierce*, 1st Dist. Hamilton No. C-160699, 2017-Ohio-5791, ¶ 8.

{¶8} Rogers's speedy-trial rights attached on July 15, 2016, when the felony complaint was filed against him. *See Rice*, 2015-Ohio-5481, 57 N.E.3d 84, at ¶ 22 ("[A] criminal complaint against a defendant [is] an 'official accusation' of a crime against that defendant that operate[s] to trigger his speedy trial rights."). Approximately 15 months later, on November 3, 2017, Rogers was arrested. This 15-month delay is presumptively prejudicial and requires this court to consider the remaining factors.

## 2. Reason for Delay

{¶9} Closely related to the length of delay is the reason for the delay. The weight of this factor operates on a sliding scale. Deliberate dilatory acts should be weighted heavily against the state, while negligence or overcrowded systems should be weighted less heavily against the state. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101. To the extent the defendant caused the delay, it does not count against the state. *State v. Triplett*, 78 Ohio St.3d 566, 570, 679 N.E.2d 290 (1997).

{¶10} Here, the state's inaction largely caused the delay between the filing of the complaint and Rogers's arrest. During the first month after issuance of the arrest warrant, CPD's efforts were reasonably diligent. However, when those efforts were unsuccessful, the police did not continue to actively search for Rogers. Sergeant Vogelpohl attributed this inaction to CPD's prioritization of newer warrants, stating "[Rogers's warrant] just became another warrant in our book." Such inaction must be weighted against the state "since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Barker* at 531. *See State v. Jackson,* 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 13 (1st Dist.) (holding that the second *Barker* factor weighed against the state because, "save for the one month following the issuance of the warrants, the state was not reasonably diligent in pursuing the charges").

{¶11} The state maintains that it had a problem locating Rogers. However, CPD knew where Rogers resided, and Sergeant Vogelpohl was able to enter the building and knock on the door to Rogers's apartment on his first two attempts to serve the warrant. The record contains no evidence that Rogers knew about the charges against him and attempted to avoid service. To the contrary, the record shows that Rogers continuously lived at his residence for over four years. Rogers also testified that he never made any attempt to conceal his whereabouts or evade execution of the warrant. While the state

points to evidence that a man inside the building told an officer attempting to serve the warrant that Rogers had not been in his apartment for two weeks, there is no evidence in the record that Rogers put him up to it. But for the unrelated investigation in November 2017, it does not appear that Rogers would have been served with the warrant at that time. Therefore, the state was not reasonably diligent in pursuing Rogers and the second factor weighs slightly in Rogers's favor.

### 3. Assertion of Right to Speedy Trial

{¶12} The parties agree that Rogers asserted his constitutional right to a speedy trial within a month after indictment. This factor weighs in favor of Rogers.

### 4. Prejudice Caused by Delay

{¶13} A court should assess prejudice "in light of the interests the speedy trial right was designed to protect." *Barker*, 407 U.S. at 533, 92 S.Ct. 2182, 33 L.Ed.2d 101. In *Barker*, the United States Supreme Court identified three such interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Id.* Rogers was not incarcerated during the post-accusation delay, so the first interest is not at issue. The second interest is also not at issue. According to his own testimony, Rogers suffered no anxiety or concern during the delay because he was not aware of the pending charges until his arrest. With respect to the last interest, Rogers does not allege any particularized trial prejudice. Instead, he relies on *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), to argue that the state's negligence created a presumption of prejudice which relieved him of any duty to show actual prejudice.

{¶14} Rogers's reliance on *Doggett* is misplaced. *Doggett* does not stand for the proposition that courts should *always* presume prejudice if the delay was caused by official negligence. Rather, *Doggett* holds that *some* speedy-trial claims do not require

"affirmative proof of particularized prejudice." *Id.* at 655. This is because "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove, or, for that matter, identify." *Id.* at 656. *Doggett* instructs that "toleration of * * * negligence varies inversely with its protractedness * * * and its consequent threat to the fairness of the accused's trial." *Id.* at 657. Therefore, "negligence unaccompanied by particularized trial prejudice must have lasted longer than negligence demonstrably causing such prejudice." *Id.*

{¶15} In *Doggett*, the Court held that an eight-and-a-half-year delay was presumptively prejudicial due to "the Government's egregious persistence in failing to prosecute Doggett." *Id.* The Court noted that the delay was over six times as long as that generally sufficient to trigger the *Barker* analysis. *Id.* at 658. In other words, Doggett would have gone to trial six years earlier if not for "the Government's inexcusable oversights." *Id.* at 657.

{¶16} We do not find the length of delay in Rogers's case to be as egregious as the delay in *Doggett.* Rogers's 15-month delay is significantly shorter than the eight-and-a-half-year delay, and barely stretches "beyond the bare minimum needed to trigger judicial examination of the claim." *See id.* at 652. Accordingly, Rogers's case is readily distinguishable from *Doggett.*

{¶17} This court has stated that prejudice may be presumed only in aggravated cases involving excessive delay. *Rice,* 2015-Ohio-5481, 57 N.E.3d 84, at ¶ 28, citing *Doggett,* 505 U.S. at 655-656, 112 S.Ct. 2686, 120 L.Ed.2d 520. Here, Rogers was arrested approximately 15 months after CPD filed a complaint against him. This is not so egregious to presume prejudice. Accordingly, the fourth factor weighs in favor of the state.

## IV. Summary

{¶18} The first, second, and third factors weigh in favor of Rogers. However, the first and second factors carry negligible weight. In contrast, the fourth factor weighs heavily against Rogers. Under the circumstances of this case, the mere negligence of the state is not enough to outweigh the absence of some particularized trial prejudice. Therefore, after weighing all the *Barker* factors, we cannot conclude that Rogers was deprived of his constitutional right to a speedy trial.

{¶19} In sum, the trial court did not err in denying Rogers's motion to dismiss. Consequently, we overrule his sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.