[Cite as *State v. Johnson*, 2024-Ohio-1700.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-230439 |
| | | C-230440 |
| Plaintiff-Appellant, | : | C-230441 |
| | | C-230442 |
| vs. | : | TRIAL NOS. C-23TRC-4447-A |
| | | C-23TRC-4447-B |
| SHAVONNE JOHNSON, | : | C-23TRC-4447-C |
| | | C-23TRC-4447-D |
| Defendant-Appellee. | : | |
| | : | *O P I N I O N.* |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 3, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller,* Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}    Plaintiff-appellant the state of Ohio appeals the judgments of the trial court granting a motion to dismiss the traffic charges in these consolidated cases against defendant-appellee Shavonne Johnson.  We determine that the trial court erred in granting Johnson's motion to dismiss on constitutional speedy-trial grounds, and we reverse the trial court's judgments.  We remand the matter to the trial court to consider Johnson's statutory speedy-trial claim in the first instance, and for any further proceedings.

## Background

{¶2}    On November 12, 2021, the Springfield Township Police Department filed a citation against Johnson for failure to maintain an assured clear distance, OVI, driving under financial-responsibility-law suspension, and driving under suspension. The state did not formally serve Johnson with the charges until February 17, 2023. Johnson filed a motion to dismiss the charges against her for lack of a speedy trial. Johnson argued that the state's 15-month delay in serving her with notice of the charges caused her prejudice.  Johnson also filed a supplemental motion to dismiss, arguing that the state violated her statutory speedy-trial rights by serving her with an open-container violation on the day of the incident, which started the statutory speedy-trial clock as to all charges.

{¶3}    The trial court held a hearing on Johnson's motion to dismiss, and the state introduced testimony from a Springfield Township police officer who investigated the traffic accident involving Johnson.  According to the officer's testimony, he responded to a traffic accident in which Johnson's vehicle had struck the rear end of a police car that had been stopped alongside Hamilton Avenue assisting

another motorist. The officer observed that Johnson had an open alcoholic beverage container in the vehicle, bloodshot eyes, and slurred speech. The officer also detected an odor of marijuana emanating from the vehicle. Another police officer on the scene issued a citation to Johnson for having an open container, and then Johnson was transported to a local hospital.

{¶4} The investigating officer testified that he did not issue a citation to Johnson that night for the underlying traffic charges, because he wanted to collect more evidence from the hospital. The officer sought a search warrant for any of Johnson's blood evidence retained by the hospital. Approximately three days later, the officer learned that the hospital did not retain any blood evidence for Johnson. The state then charged Johnson with failure to maintain an assured clear distance, OVI, driving under financial-responsibility-law suspension, and driving under suspension. The record indicates that the citation for all four offenses was entered on the docket the same night as the offense—November 12, 2021.

{¶5} The officer testified that he had attempted to serve Johnson at her residential address three separate times in November and December 2021. The officer also went to another address that he found in his records system, and he also attempted to call her. The officer was unable to make contact with Johnson, but the officer later learned that Johnson had a pending OVI case that predated the underlying charges, which also involved Springfield Township. The officer asked a fellow Springfield Township officer to serve Johnson in person at the next court hearing. The fellow officer was unable to serve Johnson, however, because Johnson did not appear for court.

{¶6} The officer testified that the warrant for Johnson's underlying charges "went back in the drawer," and that, eventually, in February 2023, another police jurisdiction conducted a traffic stop involving Johnson, and Johnson was then served with the underlying charges.

{¶7} At the conclusion of the motion-to-dismiss hearing, Johnson requested to file a written closing argument, which the trial court permitted. At the next hearing date, the trial court stated on the record that it found the 15-month delay between the filing of charges and service unreasonable, because the same police department had "arrested and prosecuted the defendant on the subsequent OVI." The trial court granted Johnson's motion to suppress.

{¶8} This appeal by the state ensued.

## Constitutional Right to a Speedy Trial

{¶9} In its sole assignment of error, the state argues that the trial court erred in dismissing the charges against Johnson.

{¶10} This court reviews a defendant's speedy-trial claim as a mixed question of law and fact, in which this court defers to the trial court's factual findings if they are supported by competent, credible evidence, and this court reviews the application of the law to those facts de novo. *State v. Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, ¶ 15.

{¶11} A defendant has a constitutional right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32. In determining whether a defendant's constitutional right to a speedy trial has been violated, courts apply the four-factor balancing test laid out in *Barker v.*

*Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under *Barker*, courts consider "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant." *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 22, citing *Barker* at 530. The four-factor test in *Barker* is a balancing test, meaning that no factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker* at 533.

{¶12} As an initial matter, the state argues that the trial court failed to conduct the required *Barker* analysis because the trial court only mentioned the length of the delay and the reason for the delay in granting Johnson's motion. The state relies on *State v. Wilson*, 1st Dist. Hamilton No. C-210587, 2022-Ohio-2076. In *Wilson*, this court determined that the record affirmatively demonstrated that the trial court did not weigh all four *Barker* factors when determining whether the defendant's delayed arrest was constitutionally reasonable. Nevertheless, the *Wilson* court reviewed the evidence before the trial court, applied the *Barker* multifactor test, and concluded that the defendant's constitutional rights were not violated.

{¶13} In this case, the record does not indicate that the trial court analyzed the fourth factor in *Barker*, whether Johnson suffered prejudice from the delay in her arrest. However, the state also did not object to the trial court's lack of further findings, and despite the trial court's failure to affirmatively make factual findings on all of the *Barker* factors, on this particular record, this court can review the evidence before the trial court in analyzing the state's appeal under *Barker*.

1.      Length of Delay

**{¶14}** The first factor in *Barker* requires courts to consider the length of delay between formal arrest and accusation. The length of delay is considered a threshold requirement before proceeding with the remaining *Barker* factors. *State v. Duncan*, 1st Dist. Hamilton No. C-200079, 2021-Ohio-3229, ¶ 14. "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, at ¶ 14, quoting *Barker*, 407 U.S. at 530, 92 S.Ct. 2182, 33 L.Ed.2d 101. Courts have generally held that a delay approaching one year becomes "presumptively prejudicial." *Id.* at ¶ 14, citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1. Here, the length of delay between the incident and formal arrest of Johnson was 15 months, and therefore, enough to trigger consideration of the remaining *Barker* factors.

**{¶15}** The length of delay in this case, 15 months, is not excessively past the one-year, presumptively-prejudicial turning point. Moreover, the record reflects that Johnson was unaware of the charges. Therefore, the length of delay weighs minimally in favor of Johnson. *See State v. Triplett*, 78 Ohio St.3d 566, 569, 679 N.E.2d 290 (1997).

2.      Reason for Delay

**{¶16}** The second factor under *Barker* examines the state's justification for the delay. *Barker* at 531. The state has the duty to pursue charges against a defendant in a reasonably-diligent manner. *State v. Jackson*, 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 12 (1st Dist.). "The second factor attributes fault for the delay and operates on a 'sliding scale'. * * * Deliberate dilatory acts are weighted heavily against the state, while

negligent acts are weighted less heavily against the state." *Duncan* at ¶ 16, citing *Barker* at 531. However, "intertwined within this *Barker* analysis is whether the defendant shares any responsibility for the delay." *State v. Rentas*, 2022-Ohio-2412, 191 N.E.3d 547, ¶ 32 (8th Dist.), citing *Triplett* at 570.

{¶17} Here, the trial court determined that the state's justification for delay weighed against the state, because the Springfield Township Police Department prosecuted Johnson on a "subsequent" OVI charge and still failed to serve her with a warrant on the underlying charges. The state argues that the trial court erred in relying on the unrelated OVI case as a reason to find the state's actions in this case to be unreasonable. First, the state contends that the OVI charge predated the current charges, so it was not subsequent. Second, the state argues that nothing in the record supports the notion that Johnson's unrelated OVI charge had been prosecuted through sentencing.

{¶18} The record shows that when the investigating officer's attempts to reach Johnson in November and December 2021 failed, the investigating officer requested a fellow officer to serve Johnson at an upcoming court hearing in the already-pending, unrelated OVI case, but Johnson failed to appear for that hearing. After Johnson failed to appear for the hearing on the unrelated OVI charge, the warrants in the underlying cases "went back in the drawer" at the police department. On cross-examination, the officer acknowledged defense counsel's statement that Johnson's unrelated OVI had been "resolved," and the officer stated that he was surprised that the court bailiffs in that case had not alerted police, so that Johnson could be served with the underlying charges. Therefore, the trial court's finding that the state did not

act with reasonable diligence, because the state failed to serve Johnson during the unrelated OVI case is supported by competent, credible evidence.

**{¶19}** We conclude that the reason-for-delay factor weighs against the state.

### 3. Timely Assertion of Speedy-Trial Right

**{¶20}** The third *Barker* factor examines whether the defendant timely asserted the right to a speedy trial. *Doggett*, 505 U.S. at 651, 112 S.Ct. 2686, 120 L.Ed.2d 520.

**{¶21}** The state concedes that Johnson timely asserted her right to a speedy trial by filing her motion to dismiss one month after her arrest, so this factor weighs in favor of Johnson.

### 4. Prejudice

**{¶22}** The fourth *Barker* factor requires the court to consider whether the delay prejudiced the defendant. *Long*, 163 Ohio St.3d 179, 2020-Ohio-5363, 168 N.E.3d 1163, at ¶ 22, quoting *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. When considering prejudice, the court looks to three interests of the defendant that the speedy-trial rights were designed to protect: (1) prevention of pretrial incarceration, (2) minimization of anxiety and concern of the defendant, and (3) limitation of possible defense impairment. *Barker* at 532.

**{¶23}** In this case, Johnson was unaware that the underlying charges had not been resolved, and she was not under pretrial incarceration. Therefore, the only factor left to consider is prejudice. The state argues that Johnson failed to make an affirmative showing of prejudice.

**{¶24}** Johnson argues that the officer's inability to recall specific details regarding his attempts to serve Johnson indicate that time lapse had affected his

memory; for instance, Johnson argues that the officer could not recall how many times he tried to call Johnson's phone number. However, nothing in the record supports the notion that the officer's memory as to the actual incident had been compromised. In fact, the officer recalled many details regarding the incident at the motion-to-dismiss hearing. The officer testified that Johnson struck the rear end of a marked police cruiser that had been parked alongside Hamilton Avenue, just north of Springdale Road. The officer recalled the other officers at the scene, and he recalled that Johnson had bloodshot eyes and slurred speech. The officer noticed that Johnson had burnt marijuana cigarettes in her vehicle, and the vehicle had an odor of marijuana emanating from it. The officer also noticed an open alcoholic beverage container in the vehicle. Johnson also argues that any body-worn-camera footage would have been "long lost" due to short retention periods in Hamilton County. But, nothing in the record indicates that any body-worn-camera footage existed in the first place or that it was destroyed as the result of a short retention policy. Thus, Johnson has failed to show that any evidence was lost or destroyed such that she would be actually prejudiced by a prosecution.

{¶25} Therefore, the prejudice factor weighs in favor of the state.

{¶26} This court has held that where the first three *Barker* factors weigh in favor of the defendant, "the mere negligence of the state is not enough to outweigh the absence of some particularized trial prejudice." *State v. Rogers*, 1st Dist. Hamilton No. C-180120, 2019-Ohio-1251, ¶ 18. The record demonstrates that the state made initial efforts to serve Johnson, including an attempt to serve her during another court proceeding, but thereafter, the state failed to act with reasonable diligence. The state's delay in serving Johnson was not the result of a deliberate act, but was merely

negligent. Moreover, Johnson has not shown any particularized trial prejudice. As a result, we conclude that Johnson was not deprived of her constitutional right to a speedy trial.

**Statutory Speedy-Trial Rights**

{¶27} Johnson argues that even if the trial court erred in granting her motion to dismiss on constitutional speedy-trial grounds, the trial court's dismissal of the charges against her may still be affirmed on the alternative basis that the state violated Johnson's statutory speedy-trial rights under R.C. 2945.71. Johnson argues that the record shows the state served Johnson on the night of the incident, November 12, 2021, with an open-container violation, and therefore, because the four underlying charges stem from the same traffic stop, the speedy-trial clock began to run on November 12, 2021, and the state had 90 days from that date in which to bring her to trial on the underlying charges.

{¶28} Although Johnson raised her statutory speedy-trial argument below, the trial court did not make any findings or legal conclusions with regard to the statutory speedy-trial argument, because the trial court determined Johnson's constitutional speedy-trial rights had been violated. We determine that the trial court should decide in the first instance whether Johnson's statutory speedy-trial rights were violated. *See State v. Doll*, 9th Dist. Wayne No. 13CA0041, 2015-Ohio-1875, ¶ 14 (declining to resolve an issue on a motion to suppress in the first instance on appeal).

**Conclusion**

{¶29} In conclusion, we sustain the state's sole assignment of error to the extent that we determine the trial court erred in granting Johnson's motion to dismiss on constitutional speedy-trial grounds. We remand the matter for the trial court to

10

consider, in the first instance, whether Johnson's statutory speedy-trial rights were violated, and for any further proceedings consistent with this opinion and the law.

Judgments reversed and cause remanded.

**BOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.